DE BOE *v.* KENT CIRCUIT JUDGE.

1. GARNISHMENT—DEFAULT OF GARNISHEE ENTERED DURING STAY PERIOD NOT VOID.

   That default against the garnishee defendant was entered during the period of a 20-day stay after judgment in the original case, did not render said default void, since the stay order did not relieve the garnishee defendant from making disclosure within the time fixed by the statute.[1]

2. SAME—NOT VOID BECAUSE DECLARATION CONTAINED A COUNT SOUNDING IN TORT—STATUTES.

   Where the declaration contained a common count in assumpsit, the fact that it also contained a second count sounding in tort, *held*, not to invalidate the default judgment against the garnishee defendant under 3 Comp. Laws

---

[1]Garnishment, 28 C. J. §§ 421 (Anno), 509 (Anno).

1915, § 13122, providing that the action must arise upon contract, in view of 3 Comp. Laws 1915, §§ 12414, 13132, and Circuit Court Rule No. 22, § 4.[2]

3. SAME—DEFAULT—JURISDICTION TO SET ASIDE.
    Where six months has elapsed after default was regularly entered against a garnishee defendant for failure to appear and disclose, the court is without jurisdiction to set aside said default.[3]

Mandamus by Myrtle De Boe to compel Major L. Dunham, circuit judge of Kent county, to vacate an order setting aside a default judgment. Submitted April 21, 1925. (Calendar No. 31,849.) Writ granted June 18, 1925.

*Linsey, Shivel & Smedley,* for plaintiff.
*Travis, Merrick, Warner & Johnson,* for defendant.

MOORE, J.    On May 21, 1923, suit was started by the plaintiff against defendants.    On June 19, 1923, the plaintiff filed her declaration which contained a common count in assumpsit, and a second count sounding in tort.    On August 9, 1923, a writ of garnishment was issued in said cause directed to the Grand Rapids National Bank as garnishee defendant.    This writ of garnishment was served on August 10, 1923, on the president of the bank.    No disclosure was made by such garnishee defendant because of the following circumstances:    The Grand Rapids National Bank has several branch banks in Grand Rapids.    The account garnisheed belonged to Leo Bowler, one of the defendants, which account was carried at one of the branch banks of the Grand Rapids National Bank. Mr. Waters, upon receipt of this writ of garnishment, turned it over to Mr. John Larson, an employee of said bank, with instructions to make a disclosure in accordance with said writ.    Mr. Larson, upon re-

[2]Garnishment, 28 C. J. § 26 (Anno); [3]Id., 28 C. J. § 526 (Anno).
    231—Mich.—23.

ceiving said writ from Mr. Waters, sent it to Donald G. Swarthout, cashier of the Hall and Division street branch bank, where Mr. Bowler kept his account. Within the time for making and filing a disclosure Mr. Swarthout filled out the blank disclosure and annexed it to his affidavit and returned it to Mr. Larson who believed that it was a copy, and that Mr. Swarthout had filed the original with the clerk of the court, and he filed in the office of the bank the unsigned disclosure from Mr. Swarthout. On January 16, 1924, a judgment was rendered in the main case against the defendants in the sum of $920.80, and on the same day a stay of proceedings was entered. On January 19, 1924, the default of said garnishee defendant was entered for want of an appearance and disclosure. On October 4, 1924, a default judgment was rendered against the garnishee defendant in the sum of $920.80 and costs.

At the time of service of the writ of garnishment the bank had nothing belonging to the defendant James Sutliffe, but had $53.50 in cash belonging to the defendant Leo Bowler. The first notice that the main office of the Grand Rapids National Bank had that such disclosure had not been filed was when the sheriff came in December, 1924, with an execution amounting to $920.80. The bank thereupon filed a motion to set aside the judgment on the following grounds:

"1. That defendant has a good and sufficient defense thereto, as shown by the affidavits of Dudley E. Waters, John Larson, Donald G. Swarthout and Leo Bowler, annexed hereto.

"2. That the default and judgment taken thereafter are invalid, for the reason that said default was entered during the period of the twenty days stay granted by the court after the trial of said cause.

"3. That said judgment and default are invalid for the reason that under section 13122, Michigan Compiled Laws of 1915, in an order to support garnish-

ment proceedings, the action must arise upon contract. That in this case suit was started having a count not only in contract, but also one in tort and that the judgment is a tort judgment and garnishment proceedings, therefore, are not authorized by the statute in such cases. That the default and judgment taken against said garnishee defendant is insufficient and invalid."

This motion was presented to the circuit judge and he granted said motion and set aside the judgment which had been rendered against the garnishee defendant. The case is reviewed by mandamus.

It is claimed by the garnishee defendant that, because of the 20-day stay order in the original case, plaintiff might not enter the default of the garnishee defendant, and that to do so was such an irregularity as to justify the trial judge in setting aside the default; counsel citing *Whirl* v. *Reiner*, 229 Mich. 114, and other authorities which may be found in the brief of counsel. In the *Whirl Case* there was no proof on file of service of the declaration as the practice requires when the default was entered, making the case easily distinguishable from the instant case.

The 20-day stay order in the original case did not relieve the garnishee defendant from making its disclosure within the time fixed by the statute, nor did it make the default order void. The question of when a default may be set aside is not a new one in this State. It was discussed in *Hakes* v. *Kent Circuit Judge*, 213 Mich. 278, where it was held that after six months had elapsed after a default had been regularly entered the court was without jurisdiction to set aside the default. There is a collation of the authorities on page 285 of the opinion, and we will not repeat them here.

We have noticed the claim that the garnishment proceedings are void because the action was in tort, but we think the claim is not well taken. See sections

13132 and 12414, 3 Comp. Laws 1915, and Circuit Court Rule No. 22, § 4.

The trial court was without jurisdiction to make the order setting aside the default.

Writ will issue as prayed, with costs to the plaintiff.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.