## BUCKENHIZER *v*. TIMES PUBLISHING CO.

1. GARNISHMENT—QUASHING WRIT—COURTS—ABUSE OF PROCESS—STATUTES.

   Power to quash writ of garnishment exists only in the authority of the court to correct abuse of process where proceedings were regular on their face and in conformity with garnishment statute which provides no procedure for attacking truth of allegations of affidavit on motion to quash.

2. PROCESS—DEFINITION OF ABUSE OF PROCESS.

   Abuse of process is employment of process for a purpose not contemplated by law.

3. SAME—DEBTOR.

   Debtor may not use the process of the court to enable him to retain possession of money admittedly owing to another.

4. GARNISHMENT—ASSIGNMENTS—CONSIDERATION—REAL PARTY IN INTEREST.

   Assignment of claim to enable assignee to garnish assignor *held*, an abuse of process justifying quashing writ of garnishment where garnishee disclosed greater amount owing principal defendant, also usable as a set-off against assignee, than claim assigned and affidavit on motion to quash did not allege consideration for assignment or that assignee was real party in interest (3 Comp. Laws 1929, § 14136).

Appeal from Wayne; Campbell (Allan), J. Submitted April 4, 1934. (Docket No. 3, Calendar No. 37,403.) Decided June 4, 1934.

Garnishment proceedings by George A. Buckenhizer, assignee of Howard R. Ward, against Times Publishing Company, a Michigan corporation, principal defendant, and Howard R. Ward, garnishee defendant, for moneys alleged to be due on account.

From order quashing writ of garnishment, plaintiff appeals. Affirmed.

*Robbins & Schuur,* for plaintiff.

*Butzel, Levin & Winston,* for principal defendant.

Fead, J. Howard R. Ward, formerly branch manager of defendant, assigned to plaintiff all his claims and causes of action against defendant. Two days later plaintiff commenced action against defendant and brought garnishment proceedings against Ward. In the affidavit for garnishment, made by plaintiff's attorney, the liability of defendant was stated as $1,433.97, over and above all legal set-offs. Ward filed disclosure that he owed defendant $1,513.42, over and above all legal set-offs. Defendant moved to quash the writ of garnishment on the grounds of invalidity and falsity of the affidavit of garnishment, that the assignment was only colorable and, therefore, the affidavit and writ constituted abuse of process. The court quashed the writ and dismissed the garnishment proceedings.

The record is convincing that the assignment by Ward to plaintiff was made in order to institute the garnishment action and that Ward is the real party in interest in the principal suit, in effect garnisheeing himself. Ward, in a letter, stated that he had assigned his claim and the assignee was suing defendant for him. In his affidavit on the motion to quash, he made general denial of bad faith in the assignment but did not aver it was for a consideration nor that the assignee is the owner of the claim in his own right. There was no showing that the account between Ward and defendant is otherwise than as stated in the garnishment affidavit and dis-

closure. Upon the account, the balance of $79.45 is due defendant.

The garnishment law provides no procedure for attacking the truth of the allegations of the affidavit, on motion to quash or dismiss. As the proceedings at bar were regular on their face and in conformity with the statute, the power to quash exists only in the authority of the court to correct abuse of its process.

The procedure here followed by Ward, by way of assignment and garnishment, was founded on *Barlow* v. *Lincoln-Williams Twist Drill Co.,* 186 Mich. 46, which is in point on the issue except in the one respect that, there, the amount owing the defendant by the garnishee-assignor was less than the debt of the defendant to the garnishee-assignor.

The significance of the distinction lies in the fact that, at bar, on the face of the records, plaintiff cannot recover a judgment in any amount because defendant has a set-off of a greater amount; defendant cannot recover the excess set-off in the suit by the assignee (3 Comp. Laws 1929, § 14136), but will be put to the expense of a separate action therefor; and defendant is prevented from recovering the excess admittedly due it until disposal of garnishment proceedings.

Abuse of process is "employment of process for a purpose not contemplated by law." 50 C. J. p. 612. It is not a purpose contemplated by law to permit a debtor to use the process of the court to enable him to retain possession of money admittedly owing to another. Ward's right to a speedy and final determination of the account between him and defendant could have been conserved by direct action. There was no showing of facts or reason to justify the

circuitous route taken nor to indicate that it was done in good faith.

The record discloses an abuse of process and judgment of dismissal is affirmed, with costs.

Nelson Sharpe, C. J., and Potter, North, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred. Butzel, J., did not sit.