### GEISTERT *v.* SCHEFFLER.

GARNISHMENT—CERTAINTY OF AMOUNT—ABUSE OF PROCESS.
> Under record presented on plaintiff's appeal, order dismissing
> garnishment on ground that pleadings do not show to a cer-
> tainty the amount claimed and because writ of garnishment was
> an abuse of process was erroneous.

Appeal from Superior Court of Grand Rapids;
Souter (Dale), J., presiding. Submitted April 10,
1945. (Docket No. 33, Calendar No. 42,983.) De-
cided June 29, 1945.

Garnishment proceedings by Arthur H. Geistert
against Western Electric Company, a foreign cor-
poration, as garnishee of Raymond J. Scheffler, do-
ing business as the Expert Die & Stamping
Company. Garnishment dismissed on motion of
principal defendant. Plaintiff appeals. Reversed
and remanded for further proceedings.

*John M. Dunham* (*Fred P. Geib,* of counsel), for
plaintiff.

*Martin D. Verdier* and *Paul E. Cholette,* for de-
fendant.

BUTZEL, J. (*concurring*). Arthur H. Geistert
brought suit against Raymond J. Scheffler, doing
business as the Expert Die & Stamping Company.
In his declaration he alleged that in May, 1941,

Scheffler asked him on numerous occasions to assist in production, financing and securing of orders in his business; that on or about June 1, 1941, plaintiff entered into defendant's employment on the following terms: Plaintiff to be entitled to a 5 per cent. commission on all business received by defendant, plaintiff to have a drawing account of $75 per week, which was to be charged against his commissions; that after the business had been thoroughly established, plaintiff was to have a one-fourth interest in it; that plaintiff subsequently agreed to leave part of the money in the business as working capital; that he relied upon defendant's repeated assurances and statements that he would give plaintiff an interest in the business. During the year 1941, the average weekly withdrawals of plaintiff were $20, in 1942, $40, and in 1943 not to exceed $50, and in 1944 until October $75, so that during the entire period, plaintiff's total withdrawals did not exceed $8,500. During this time the business expanded so rapidly that it required many additions so that defendant now had five plants. Plaintiff claims he was also active in securing such additional space and the necessary financing required by a business of this size. He alleged that during the period he was with defendant, $5,000,000 of business was done, and that of this amount, he had personal knowledge of $4,750,000 business actually done, and "there are many other items on the books which he does not recall but which can be definitely established by reference thereto; that there are also on hand at the present time accepted bona fide orders upon which no work has as yet been done, totaling several hundred thousand dollars;" that 5 per cent. of the business was a very reasonable commission; and that computed on the business done, his unpaid commissions total upwards of

$250,000, less $8,500 paid. Plaintiff claims judgment in the amount of $250,000 with interest thereon.

Six days after suit was started, plaintiff swore out a writ of attachment and the writ was issued. Evidently it was never executed. The following day plaintiff swore out a writ of garnishment, but evidently very little was reached by it. Several days later, however, plaintiff swore out an additional writ of garnishment naming the Western Electric Corporation, a foreign corporation, as garnishee defendant. Shortly thereafter defendant filed a motion to quash and dismiss this garnishment suit. Motion was granted on the basis of the affidavit and testimony taken in open court in the presence of plaintiff's attorney, who stated at the time of the hearing of the motion that he was not prepared to try out any issues of fact and protested against the hearing on the motion. The court stated that tying up the company's money was a very serious matter and he would proceed. Plaintiff appeals.

Defendant made a motion to dismiss the appeal to this court on the ground that plaintiff, as appellant, did not first obtain leave to appeal and that without such leave, an appeal could not be taken. Pursuant to Court Rule No. 60, both as it stood prior to January 1, 1945, and also in its amended form after that date, leave to appeal the instant case was not necessary when the amount involved was over $500. Any judgment or final order in a suit of garnishment may be set aside or removed to the Supreme Court in like manner and with the same effect as other personal actions. 3 Comp. Laws 1929, § 14898 (Stat. Ann. § 27.1896). An order quashing a writ of garnishment and releasing a garnishee is in effect a final judgment, which

plaintiff can have reviewed upon writ of error. *Recor* v. *St. Clair Circuit Judge,* 139 Mich. 156.

The trial court dismissed the garnishment for two reasons. He held that the "amount sued for is not a given amount within the meaning of the statute." Inasmuch as the amount of the damage claimed by plaintiff was susceptible of definite ascertainment from the books of the company and oral testimony, the writ should not have been quashed on that ground. *Talbert* v. *Solventol Chemical Products, Inc.,* 304 Mich. 557.

The court, however, also quashed the writ of garnishment because it was an abuse of process as shown by the affidavit in support of the motion to quash and the testimony taken. The principal defendant not only denied the alleged contract as set forth in plaintiff's declaration, but he also produced a letter written by plaintiff many months after the alleged oral contract for commissions was claimed to have been entered into. The letter was in reply to one from auditors who wished to ascertain all actual and contingent indebtedness of the defendant to the plaintiff. The letter reads as follows:

"At October 31, 1941, the Expert Die & Stamping Company was not indebted to me for any salary or commission with the possible exception of my regular weekly salary which was not payable until the following week. At that time there was no contract or agreement of any kind with the proprietor of the company relative to the payment of any commission on orders which I may have been instrumental in obtaining for that company. Signed: Arthur H. Geistert, Dated December 16, 1941."

Defendant further showed that plaintiff threatened to ruin defendant's business and drive him into bankruptcy. The obtaining of a writ of at-

tachment even though not executed would indicate that plaintiff was trying to carry out such alleged purpose. It certainly would affect defendant's credit. Following this up with first one writ of garnishment, and then with a second one which the judge quashed in the instant case, shows under the facts as disclosed that the process of court was being used to force payment or settlement of plaintiff's demands, which the letter above quoted and the testimony and affidavit indicate were without basis. There was no countershowing of any kind by plaintiff to rebut the import of the letter or the other facts set forth in defendant's affidavit and testimony. Defendant showed that he was engaged in war work that was difficult to finance, and that the tying up of $100,000 through garnishment would have a disastrous effect thereon. This, of itself, would not be sufficient to quash the garnishment. We do consider it in connection with the other facts disclosed by the affidavit and the testimony showing the threat and the attempted duress on defendant. In order to release the garnishment, defendant would have been obliged to file a bond with two sureties in the sum of $500,000, twice the amount claimed by plaintiff. 3 Comp. Laws 1929, § 14900 (Stat. Ann. § 27.1898). Garnishment is a harsh remedy, and if there is an abuse of process, the court has a right to quash it. *Buckenhizer* v. *Times Publishing Co.*, 267 Mich. 393; *Erb-Kidder Co.* v. *Levy*, 262 Mich. 62; *Tsingos* v. *Michigan Packing Co.*, 272 Mich. 7. In the instant case, the writ of attachment was never levied and evidently was abandoned. The attack is solely made on the main suit. It was said in *Buckenhizer* v. *Times Publishing Co., supra:*

"The garnishment law provides no procedure for attacking the truth of the allegations of the affi-

davit, on motion to quash or dismiss. As the proceedings at bar were regular on their face and in conformity with the statute, the power to quash exists only in the authority of the court to correct abuse of its process.''

The right of plaintiff's assignor therein ''to a speedy and final determination of the account between him and defendant could have been conserved by direct action.'' The writ of garnishment therein was used by the debtor ''to enable him to retain possession of money admittedly owing to another.''

As a rule, when the principal case is brought by a proper party and the declaration shows no inherent defects and the affidavit for garnishment and writ or writs issued thereunder are regular in form, there is no statutory authority to quash the writ notwithstanding the fact that an affidavit is filed in support of a motion to quash or dismiss and it is based solely on the ground that plaintiff's claims in the declaration are without merit. Plaintiff, as a rule, may not be deprived of his right to have the main issue tried out in the manner provided by law with or without a jury. Defendant on proper showing is entitled to a speedy trial and final determination of the issues in the principal case.

The order of the trial court quashing the writ of garnishment is reversed, with costs to plaintiff.

BUSHNELL, J., concurred with BUTZEL, J.

BOYLES, J. I concur in the conclusions reached, although I feel that in this case we should not discuss the probative value of the letter which Mr. Justice BUTZEL quotes, nor otherwise comment on the merits of the principal suit. We are here concerned only with the question whether the court erred in

dismissing the garnishment suit. The circuit judge gave as his reasons for dismissal:

"On the ground that the pleadings do not show to a certainty the amount due as claimed to justify the issuance of a writ of garnishment; and on the further ground that as I look at the pleadings it is an abuse of process to try to push a company to the point where the court has reason to believe the business will be closed up and ruined at this time."

Neither position is sound reason for dismissing the garnishment suit under the facts shown by the record. The order dismissing the garnishment suit should be set aside, with costs of this court to appellant, and the case remanded with 15 days allowed the garnishee-defendant for making disclosure; and for further proceedings thereon.

STARR, C. J., and NORTH, WIEST, SHARPE, and REID, JJ., concurred with BOYLES, J.