BIEKER *v.* NATIONAL FURNITURE SERVICE, INC.

1. GARNISHMENT—JOINDER OF TORT AND CONTRACT COUNTS.
   Joinder of tort and contract counts in same declaration and basing garnishment proceedings solely on contract counts is permissible practice.

2. SAME—MOTION TO QUASH—ANSWER.
   All well-pleaded facts in plaintiff's declaration must be accepted as true in passing upon an individual principal defendant's motion to quash writ of garnishment where no answer has been filed by such defendant, notwithstanding denial of material allegations of plaintiff's declaration by corporate defendant as the answer of the latter defendant could not serve as the answer of the individual defendant.

REFERENCES FOR POINTS IN HEADNOTES
[2, 3, 7] 4 Am Jur, Attachment and Garnishment, §§ 634, 635.
[4] See 21 Am Jur, Executions, § 385.
[4, 5] See 4 Am Jur, Attachment and Garnishment, § 129.
[6] 41 Am Jur, Pleading, §§ 30, 31, 77.

3. SAME—MOTION TO QUASH—TRIAL ON MERITS.

> On motion to quash writ of garnishment the court is not concerned with what may be established to be the fact as to the principal defendant's liability at the trial on the merits.

4. JUDGMENT—JOINT AND SEVERAL OBLIGATION—SATISFACTION.

> A judgment obtained against one defendant on a joint and several obligation may lawfully be satisfied by execution against such defendant individually.

5. GARNISHMENT—JOINT AND SEVERAL OBLIGATION.

> Garnishment of a joint and several obligor's debtor is permissible in an action upon an express contract alleged to be the joint and several obligation of 2 defendants.

6. PLEADING—SUFFICIENCY OF DECLARATION—EMPLOYMENT CONTRACT.

> Declaration in assumpsit on express contract of employment as president and director of defendant corporation, alleged to be the joint and several obligation of such defendant and a named individual and which set forth the manner of determining the amount payable and the amount due complied with court rule requiring that declaration contain such specific allegations as will reasonably inform defendant of the nature of the cause he is called upon to defend (Court Rule No 19 [1945]).

7. GARNISHMENT—MOTION TO QUASH—JOINT AND SEVERAL OBLIGATION—PLEADING.

> Motion to quash writ of garnishment of bank account of individual principal defendant was improperly granted, where declaration properly charged joint and several contract liability on part of both defendants and individual defendant had not filed an answer (Court Rule No 19 [1945]).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 3, 1950. (Docket No. 8, Calendar No. 44,610.) Decided February 28, 1950.

Action by William N. Bieker against National Furniture Service, Inc., and Ben Siegal for money due under contract and in tort for damages. Motion by defendant Siegal to dismiss as to counts 1 to 4, inclusive, and to quash writ of garnishment. Writ of garnishment quashed. Plaintiff appeals. Defendant Siegal cross-appeals. Reversed.

*Bloom & Bloom,* for plaintiff.

*Joseph Charnoske,* for defendant Siegal.

North, J. Plaintiff has appealed from an order of the circuit judge quashing a writ of garnishment issued against the Manufacturers National Bank of Detroit as garnishee defendant, to reach funds or property of defendant Ben Siegal. The holding of the circuit judge appears to have been based on his conclusion that plaintiff's declaration did not allege a contract relation between plaintiff and defendant Siegal, but instead that the contract obligation on which plaintiff sought to recover was solely between plaintiff and defendant National Furniture Service, Inc.

Plaintiff's declaration contains 6 counts. Of these, count 5 is for damages for breach of a contract and count 6 is in trespass on the case seeking recovery on the basis of alleged fraud. But counts 1 to 4, inclusive, are in assumpsit, and plaintiff bases the garnishment proceedings solely on these 4 counts. Such practice is permissible. *De Boe* v. *Kent Circuit Judge,* 231 Mich 352. Decision herein hinges upon whether in these assumpsit counts and in his affidavit incident to procuring the writ of garnishment, plaintiff has set forth a claim of contractual obligation on which Siegal was individually liable to plaintiff. At the time Siegal's motion to quash was heard and decided by the court Siegal had not answered plaintiff's declaration, and hence all well pleaded facts in plaintiff's declaration must be accepted as true in passing upon the motion to quash the writ of garnishment. *Old Ben Coal Co.* v. *Universal Coal Co.,* 248 Mich 486. This is true, notwithstanding the denial in the previously filed answer of the corporate defendant of the material allegations of plaintiff's declaration. *Geistert* v. *Scheffler,*

312 Mich 36. The answer of the corporate defendant could not serve as an answer for defendant Siegal. We are not now concerned with what may be established to be the fact as to Siegal's individual liability at the trial on the merits.

The counts in assumpsit are based upon a contract, and annual renewals thereof, whereby plaintiff was to render services as president and a director of the defendant corporation, each of the 4 assumpsit counts being for separate periods of employment for which plaintiff's claim is that he was not paid in full. In each of the assumpsit counts by recital therein or reference thereto the following is embodied:

"That on or about July 1, 1946, plaintiff entered into a contract with defendants, National Furniture Service Inc., and Ben Siegal, jointly and severally, by virtue of which plaintiff was to serve as president and a director of said defendant corporation and render services to said corporation in the management and affairs of its business.

"That in consideration of such services, it was agreed between said plaintiff and said corporate defendant, and said Ben Siegal, that said plaintiff was to receive from said defendants, jointly and severally, a salary of $60 per week, payable semimonthly, plus 25 per cent. of the net profits of said corporation, to be payable annually and determined in accordance with generally accepted principles of accounting, provided that Federal taxes should be deducted before determination of said net profits; * * * that in addition thereto, the said plaintiff was to be reimbursed by said defendants for all expenses incurred by him in the performance of the contemplated services in behalf of said corporation."

The bill of particulars accompanying the declaration sets up the amount claimed not to have been paid covering each of the 4 separate periods, said

amounts totalling $11,891.72.   Plaintiff's affidavit for the writ of garnishment contains the following:

"William N. Bieker of Detroit, Michigan, being duly sworn deposes and says, that he is William N. Bieker the plaintiff in the above entitled cause, commenced by the said plaintiff, being the above named plaintiff against National Furniture Service, Inc.; a Michigan corporation and Ben Siegal, jointly and severally being the said defendants in the said circuit court for the county of Wayne, State of Michigan that the said cause is a personal action arising upon express contract, and that the said defendants are justly indebted to the said plaintiff (in the sum of $11,891.72)."

From the foregoing it is obvious that in the garnishment proceedings plaintiff seeks to recover only the amounts alleged to have been due and unpaid in the 4 assumpsit counts and in each of such counts plaintiff has specifically alleged that his contract of employment was "with defendants, National Furniture Service Inc., and Ben Siegal, jointly and severally."

In considering this case we are mindful that in part the compensation for services which plaintiff claims is due to him is measured by the corporation's profits.   Notwithstanding that feature of plaintiff's alleged employment contract, if, as alleged in the assumpsit counts, the obligation to pay for plaintiff's services the amount so determined was both a joint and several obligation of the corporation and of Siegal, a judgment obtained might lawfully be satisfied by execution against Siegal individually. By the same token, garnishment of Siegal's bank account would be permissible in a suit, as in the 4 assumpsit counts in the instant case, based upon an express contract alleged to be the joint and several obligation of the 2 defendants.  *Lorimer* v. *Wayne Circuit Judge,* 216 Mich 587.

Plaintiff's declaration complies with Michigan Court Rule No 19 (1945) wherein it is provided:

"Section 1.   The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend."

In a cross appeal taken by defendant Ben Siegal it is urged that the trial court was in error in denying Siegal's motion to dismiss counts 1 to 4, inclusive, of the declaration.   These 4 counts are properly pleaded counts in assumpsit and since, as hereinbefore indicated, we are of the opinion that Siegal and the corporate defendant were charged in each of these counts with being severally and jointly liable to plaintiff on a contractual obligation it follows that the trial court was not in error in denying Siegal's motion to dismiss.

The order of the circuit judge quashing the writ of garnishment is vacated, with costs of this Court to appellant.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.