CORTEZ *v.* INTERNATIONAL UNION, UNITED AUTOMOBILE,
AIRCRAFT AND AGRICULTURAL WORKERS
OF AMERICA (UAW–CIO).

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DECLARATION—GARNISHMENT.

   The Supreme Court has no occasion to pass on the merits of plaintiffs' declaration, where an appeal has been taken from order quashing writs of garnishment and the only question involved is the correctness of the order made.

2. GARNISHMENT—DISCRETION OF COURT—STATUTES.

   A circuit court is now vested with discretionary power to render such reasonable orders in garnishment proceedings as may seem advisable under the circumstances (CLS 1952, § 628.41).

3. SAME—QUASHAL OF WRIT—DISCRETION OF COURT—SUFFICIENCY OF PRINCIPAL DEFENDANT'S ASSETS.

   Circuit court did not abuse discretion vested in it in quashing writs of garnishment before judgment, where it appears damages claimed under assumpsit count were $300,000 and that the principal defendants had financial assets sufficient in value to satisfy any judgment rendered against them (CLS 1952, § 628.41).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONALITY OF GARNISHMENT STATUTE.

   Issue as to constitutionality of statute vesting circuit court with discretion, in that the statute fails to establish proper standards of guidance for the judiciary in discontinuing writs of garnishment before judgment is not determined, where issue was not raised by plaintiffs at the hearing before the trial court or passed upon by that court (Const 1908, art 4, §§ 1, 2, art 7, § 1; CLS 1952, § 628.41).

Appeal from Wayne; FitzGerald (Frank), J.
Submitted April 8, 1954. (Docket No. 49, Calendar
No. 46,085.) Decided June 7, 1954.

REFERENCES FOR POINTS IN HEADNOTES
[2] 4 Am Jur, Attachment and Garnishment § 22.
[3] 4 Am Jur, Attachment and Garnishment § 423.
[4] 3 Am Jur, Appeal and Error § 293.

Action in assumpsit and trespass by Beatrice E. Cortez, Freda Stinnette, and Anne Cooper, as joint assignees of a group of women, against International Union, United Automobile, Aircraft and Agricultural Workers of America (UAW–CIO), a voluntary unincorporated association, Ford Local No. 600 (UAW–CIO), a voluntary unincorporated association, Ford Motor Company, a corporation, and Archie Acciacca, for damages because of loss of wages through failure to recognize seniority rights. Funds of unions reached by writs of garnishment.

Motion to quash writs of garnishment granted and order entered releasing funds. Plaintiffs appeal. Affirmed.

*Rottman, Siegel & Sugar,* for plaintiffs.

*Harold A. Cranefield, Winston L. Livingston, Kurt L. Hanslowe,* and *Redmond H. Roche, Jr.,* for defendants International Union and Ford Local No .600.

*William T. Gossett* (*Richard B. Darragh, Malcolm L. Denise* and *Joseph A. O'Reilly,* of counsel), for defendant Ford Motor Company.

SHARPE, J. Plaintiffs, as joint assignees of themselves and 105 other women, instituted this action in September, 1953, in the circuit court of Wayne county, Michigan. Plaintiffs' declaration consists of 2 counts. The first count alleges that in September, 1949, a collective bargaining agreement was entered into between the Ford Motor Company and the International Union, prescribing the terms and conditions of employment and recognizing the International Union as the sole collective bargaining agency for all employees, with a few exceptions; that under

the agreement the International Union assumed the duty of representing the employees and that this duty was delegated to the local union with defendant, Archie Acciacca, as president; that the agreement contained provisions requiring the observance of a specified order of seniority in the event of lay-offs of employees due to reduction in force, and also accorded certain privileges to seniority employees; that the agreement provided that employees were entitled to be recalled in the reverse order of their layoff; that a detailed grievance procedure is contained in the agreement; and that the agreement contains a provision prohibiting discrimination against any employee on account of race, color, sex, or creed; that defendant company, during the period from November, 1950, through November, 1951, laid off plaintiffs' assignors in breach and violation of the seniority provisions and failed to transfer plaintiffs' assignors to other plants in the Rouge area in accordance with their seniority rights; that the breach and violation of the agreement was the result of an unauthorized and illegal agreement between defendants, Ford Motor Company, the local union, and Archie Acciacca; and that the breach of the local union is chargeable to the International Union to the damage of plaintiffs' assignors.

Count 2 of the declaration, designated "trespass on the case," alleges a conspiracy between the defendants to deprive plaintiffs' assignors of their seniority rights. "Wherefore, plaintiffs pray judgment against the defendants, jointly and severally, in the amount of $3,000,000, together with interest to date of judgment and the costs of this action."

The affidavit for writ of garnishment filed September 29, 1953, contains the following:

"Defendants are justly indebted to the said plaintiffs upon such contract in the sum of $300,000 over and above all legal set-offs."

Plaintiffs later caused writs of garnishment to be issued against 7 Detroit banks as garnishees of defendants, International Union, UAW–CIO, and Ford Local No 600. The Detroit Bank disclosed $315,000 owing to the International Union. The Bank of the Commonwealth disclosed $313,024, and the National Bank of Detroit disclosed $131,399.85 owing to the Local Union. A total of $444,423.85 of the Local Union funds and $315,000 of the International Union's funds were reached by the writs of garnishment. On October 2, 1953, a motion to quash the writs of garnishment was filed. The motion contains the following:

"The first count of plaintiffs' declaration which ostensibly alleges an action in assumpsit, which is the only count of said declaration upon which any writs of garnishment could possibly be based, fails to specify the amount of damages flowing solely out of such count.

"The first count of plaintiffs' declaration which ostensibly alleges an action in assumpsit fails to set forth any cause of action against defendants, International Union, UAW–CIO and its Local 600 from which damages would be ascertainable by a standard referrable to the contract.

"Plaintiffs' affidavit for garnishment involves a sum amounting to only 10% of the damages claimed in plaintiffs' declaration in the principal action which discrepancy amounts to an abuse of the court's processes in that:

"(a) plaintiffs have been arbitrary and capricious in arriving at the sum included in their affidavit negating the value and legality of the affidavit;

"(b) the discrepancy indicates grievous and deliberate error on plaintiffs' part in alleging damages in the amount of $3,000,000 in the principal action.
\* \* \*

"Plaintiffs are guilty of an abuse of the court's processes in claiming a just apprehension as to their

ability to collect from defendants International Union, UAW–CIO and Local 600, upon a successful judgment in view of the assets of the said defendants. The net worth of the International Union, UAW–CIO as of November 30, 1952, exceeded $13,-000,000, of which more than $10,000,000 represented liquid assets. The total assets of the International as of February 28, 1953, exceeded $15,000,000. A copy of the most recent financial statement of the International Union is attached hereto. The net worth of Local 600, as of June 30, 1953, exceeded $600,000 and the assets of said local, as of that date, exceeded $1,200,000.

"Plaintiffs' affidavit and writs are abusive, oppressive and harassing in claiming an amount clearly in excess of any amount the plaintiffs could possibly be granted judgment for upon a successful prosecution of their declaration and in claiming an amount which plaintiffs do not even attempt to justify as ascertainable maximum damages under their declaration.

"Plaintiffs' multiple writs of garnishment are unduly oppressive and burdensome upon defendant Local 600, UAW–CIO in that plaintiffs have succeeded in tying up an amount in excess of $430,000 in 2 banks when, even in their own affidavit, plaintiffs allege an amount of only $300,000 due upon contract."

On October 8, 1953, the trial court entered the following order:

"ORDER QUASHING WRITS OF GARNISHMENT
AND RELEASING FUNDS

"In the above entitled cause, the motion of defendants, International Union, UAW–CIO, and Local 600, UAW–CIO, to quash writs of garnishment issued against the funds of said defendants having come on regularly to be heard, and after hearing counsel for said defendants in support thereof and counsel for plaintiffs in opposition thereto;

"And the court having considered the matter and having prepared and issued a written opinion in the

matter on October 7, 1953, which written opinion concludes with the paragraph:

"'Therefore, an order may be entered granting the motion, quashing the writs of garnishment, and releasing the garnishee defendants.'

"It is hereby ordered that the writs of garnishment issued against the funds of the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, UAW–CIO, and Local 600 United Automobile, Aircraft and Agricultural Implement Workers of America, UAW–CIO be quashed and that the garnishee defendants holding such funds be released."

In an opinion filed, the trial court stated his reasons for quashing the writs of garnishment, namely, that count 1 of plaintiffs' declaration did not state a cause of action upon contract against defendant unions and—

"The court will take judicial notice that the defendant company is well able to satisfy any judgment rendered against it. Counsel for the plaintiffs obviously is of the same opinion, because the defendant company was not joined in the garnishment proceedings.

"The writs of garnishment issued have tied up all the available cash of the defendant unions. By reason thereof, they are unable to take care of their own employees.

"Under the circumstances, the court must find that the plaintiffs are unduly apprehensive relative to the satisfaction of any final judgment they may obtain; that the writs of garnishment would compel them to incur a tremendous expense to post a bond; and that, in the absence of the bond, the writs would destroy their ability to function properly for the remainder of their members.

"Hence, the court, for the good cause shown as indicated above, in the exercise of its discretion, believes the writs should be quashed. Further, in the absence of an action in assumpsit against the de

fendant unions, the garnishment proceedings will not lie.

"Therefore, an order may be entered granting the motion, quashing the writs of garnishment, and releasing the garnishee defendants."

We note that a motion was made by all of the defendants to dismiss plaintiffs' declaration, but, pursuant to stipulation, a ruling on this motion was postponed and no order has been entered dismissing plaintiffs' declaration. Plaintiffs appeal from the order quashing the writs of garnishment and the releasing of funds.

Under the record in this case we have no occasion to pass upon the merits of plaintiffs' declaration. The only issue involved is the correctness of the order of the trial court in quashing the writs of garnishment.

Plaintiffs urge that section 41 of the garnishment statute,* as amended by Act No 280, PA 1952 (CLS 1952, § 628.41 [Stat Ann 1953 Cum Supp § 27.1895]) did not empower the trial court to quash the writs of garnishment upon the grounds stated in its opinion. Prior to the enactment of the above act, affidavits in support of writs of garnishment could not be voided on motions to quash, and release of impounded money could only be accomplished by filing a bond with 2 sureties in an amount twice the amount claimed by plaintiff in his affidavit for a writ of garnishment. It was recognized that garnishment was a harsh remedy, see *Geistert* v. *Scheffler,* 312 Mich 36, 40. Under the amended act the trial court is vested with discretionary powers to render such reasonable orders as may seem advisable under the circumstances. In the case at bar the trial court took into consideration the assets of the unions in granting the order to quash the writs of garnish-

---

* PA 1915, No 314, ch 28 (CL 1948, § 628.41).—REPORTER.

ment. The records show that the net worth of the International Union, as of November 30, 1953, exceeds $13,000,000. The net worth of Local 600, as of June 30, 1953, exceeded $600,000. It clearly shows that the financial assets of both unions is sufficient in value to satisfy any judgment rendered against them. Under such circumstances there was no abuse of discretion in quashing the writs of garnishment.

Plaintiffs also urge that the act in question, as applied by the trial court, is contrary to the provisions of article 4, §§ 1 and 2, article 5, § 1 and article 7, § 1 of the Michigan Constitution (1908), in that it fails to establish proper standards of guidance for the judiciary in discontinuing writs of garnishment before judgment. This issue was not raised by plaintiffs at the hearing before the trial court or passed upon by the court. Under such circumstances we do not determine the constitutionality of the act in question. The order of the circuit court in quashing the writs of garnishment is affirmed, with costs to defendants.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, and KELLY, JJ., concurred with SHARPE, J.

DETHMERS, J., concurred in the result.