BROOKDALE CEMETERY ASSOCIATION *v.* LEWIS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.
   An appellant may not question the constitutionality of a statute on appeal, where that issue had not been raised in the trial court.

2. SAME—SUPREME COURT—DISCRETION OF COURT.
   Ordinarily, the Supreme Court does not interfere wtih a trial court's exercise of its judicial discretion, but where the exercise of such discretion is clearly abused, the Supreme Court will take appropriate action.

3. GARNISHMENT—FINANCIAL ABILITY OF DEFENDANT—HARDSHIP.
   Order dismissing garnishment is reversed, where, from the record certified, the Supreme Court is unable to conclude that there

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 293; 11 Am Jur, Constitutional Law § 125.
[2] 3 Am Jur, Appeal and Error § 959.

is no real reason for apprehending the loss of the plaintiff's claim in the absence of garnishment and that the continuation of garnishment would work undue and unnecessary hardship upon the principal defendant, the motion to dismiss being framed in terms of legal conclusions and the accompanying affidavit presenting nothing factual as to the circumstances and there being an insufficient showing of financial assets of defendants sufficient to satisfy any judgment which might be rendered against them (CLS 1952, § 628.41).

4. Same—Harsh Remedy.
   Garnishment is a harsh remedy.

5. Same—Discontinuance—Discretion of Court.
   The discretionary power to discontinue proceedings against a garnishee, lodged in the circuit court by an amendatory act, was enacted to relieve a defendant from undue hardship (CL 1948, § 628.41, as amended by PA 1952, No 280).

Appeal from Wayne; Toms (Robert M.), J. Submitted January 5, 1955. (Docket No. 17, Calendar No. 46,349.) Decided March 9, 1955.

Action by Brookdale Cemetery Association, a rural cemetery association, against Jean K. Lewis and others in assumpsit with a count based on conspiracy to defraud. Garnishment proceedings as to her dismissed on motion of defendant Jean K. Lewis. Plaintiff appeals. Reversed and remanded.

*Harris W. Wienner,* for plaintiff.

*Leo A. Coskey,* for defendant.

Smith, J. Plaintiff Brookdale Cemetery Association commenced an action at law on March 30, 1954, against defendants Daniel Lewis, Helen Lewis, his wife, Charlotte L. Kline, administratrix of the estate of Saul Lewis, deceased, George Lewis and Jean K. Lewis, jointly and severally. Writs of garnishment were issued against Irwin I. Cohn, Arthur M.

Lang, Menorah Funeral Chapel, Inc., and various banks, garnisheeing funds of the principal defendants. On April 14, 1954, plaintiff filed a declaration and bill of particulars in assumpsit alleging damages under the common counts and a second count alleging a conspiracy by the defendants to defraud the plaintiff association of its property.

Disclosures were duly filed by the respective parties. Garnishee defendants Cohn and Lang, by their disclosures, denied liability to any of the principal defendants. The disclosure of the National Bank of Detroit disclosed, as far as pertinent here, that it was indebted to Daniel Lewis, George Lewis, and Jean K. Lewis, jointly, in the sum of $11,163.32. The Menorah Funeral Chapel, Inc., disclosed that it was indebted to the principal defendants upon a mortgage in the sum of $98,858.58 upon which there was then due and owing the sum of $5,000.

A motion to quash the garnishment proceedings was filed on April 30, 1954, by some of the defendants, and was subsequently denied by the trial court on May 11, 1954. On July 7, 1954, defendant Jean K. Lewis filed a motion to dismiss the garnishment proceedings for the following reasons:

"1. Because plaintiff's declaration does not set forth a cause of action as to this defendant.

"2. Because said declaration fails to set forth any contract, express or implied, upon which this defendant is obligated.

"3. Because the issuance of said garnishment proceedings amount to an abuse of process.

"4. Because garnishment proceedings were improvidently issued."

An order was entered on July 14, 1954, dismissing garnishment proceedings as to Jean K. Lewis and releasing the National Bank of Detroit and the Menorah Funeral Chapel, Inc., as garnishee defendants.

On August 19, 1954, the trial court dictated reasons for the entry of the order of dismissal, stating:

"An order has heretofore been entered on July 14, 1954, granting a motion to dismiss the garnishment against the defendant, Jean K. Lewis, from which order an appeal to the Supreme Court has been taken. The court believes that it is proper to state the reasons for the entry of the order as a part of the record on appeal. The order was entered in the exercise of the discretion vested in the court by CL 1948, § 628.41, as amended by PA 1952, No 280 (CLS 1952, § 628.41, Stat Ann 1953 Cum Supp § 27.1895). The court being convinced from the showing made that there was no real reason for apprehending the loss of the plaintiff's claim in the absence of the garnishment, and that the continuation of the garnishment would work undue and unnecessary hardship, and that for these reasons it should be dismissed with no resultant jeopardy to the plaintiff's claim.

"(Plaintiff and appellant objects to its inclusion in settled record.)"

The sole question for determination, as stated by the parties, is whether the trial court had authority to dismiss the garnishment proceedings on the motion of defendant Jean K. Lewis, under PA 1915, No 314, ch 28, § 41, as amended by PA 1952, No 280 (CLS 1952, § 628.41, Stat Ann 1953 Cum Supp § 27.-1895). Chapter 28 of the act, as amended, provides that:

"Sec. 41. A failure to recover judgment against the principal defendant, or a satisfaction of such judgment, in any manner, shall be deemed a discontinuance of all proceedings against the garnishee, and the court may, at any time before judgment, for good cause shown, discontinue proceedings against the garnishee, or may make such other reasonable order as in its discretion seems advisable."

The plaintiff does not question the constitutionality of the act in question, nor could plaintiff now raise such a contention, having failed to raise the issue before the trial court. In view of these circumstances the issue is not whether the trial court had "authority" to dismiss the garnishment proceedings but whether the trial court abused the discretion imposed in it by statute.

The rule is too well known to require extended citation that the Supreme Court ordinarily does not interfere with the trial court's exercise of discretion. *Detroit Trust Company* v. *Sosensky*, 300 Mich 353, the term "discretion" as here employed, meaning a sound judicial discretion. However, where the exercise of such discretion is clearly abused, the Supreme Court will take appropriate action. *Kellom* v. *City of Ecorse*, 329 Mich 303.

In the instant case, upon the record before us, we find no showing, other than the unsupported motion (heretofore quoted) of defendant Jean K. Lewis for dismissal of garnishment proceedings, of the basis upon which the court acted. The motion itself was framed in terms of legal conclusions and the accompanying affidavit presented nothing factual as to the circumstances. We are unable to conclude, upon the record certified to us, that there is "no real reason for apprehending the loss of the plaintiff's claim in the absence of garnishment, and that the continuation of garnishment would work undue and unnecessary hardship."

We had recent occasion to pass upon the same question in *Cortez* v. *International Union, United Automobile, Aircraft and Agricultural Workers of America* (*UAW-CIO*), 339 Mich 446. In sustaining the trial court's order quashing the writs of garnishment in the *Cortez Case*, the Court said at pages 452, 453:

"Plaintiffs urge that section 41 of the garnishment statute, as amended by Act No 280, PA 1952 (CLS 1952, § 628.41 [Stat Ann 1953 Cum Supp § 27.-1895]) did not empower the trial court to quash the writs of garnishment upon the grounds stated in its opinion. Prior to the enactment of the above act, affidavits in support of writs of garnishment could not be avoided on motions to quash, and release of impounded money could only be accomplished by filing a bond with 2 sureties in an amount twice the amount claimed by plaintiff in his affidavit for a writ of garnishment. It was recognized that garnishment was a harsh remedy, see *Geistert* v. *Scheffler,* 312 Mich 36, 40. Under the amended act the trial court is vested with discretionary powers to render such reasonable orders as may seem advisable under the circumstances. In the case at bar the trial court took into consideration the assets of the unions in granting the order to quash the writs of garnishment. The records show that the net worth of the International Union, as of November 30, 1953, exceeds $13,000,000. The net worth of Local 600, as of June 30, 1953, exceeded $600,000. It clearly shows that the financial assets of both unions is sufficient in value to satisfy any judgment rendered against them. Under such circumstances there was no abuse of discretion in quashing the writs of garnishment."

In the instant case there is no showing that the financial assets of the defendants is sufficient to satisfy any judgment rendered against them. Plaintiff alleges damages in the sum of $125,000, whereas the writs of garnishment reached the total sum of $16,163.32, in which defendant Jean K. Lewis was interested. Under such circumstances plaintiff was entitled to the protection afforded it by the garnishment proceedings.

This Court has recognized that garnishment is a harsh remedy, *Geistert* v. *Scheffler,* 312 Mich 36, 40, and *Cortez* v. *International Union, supra,* and recognizes that the amendatory act was enacted to permit

the court, in its discretion, to relieve a defendant from undue hardship. However, we are constrained to hold that, so far as appears in the record before us, there was no sound reason for dismissing the garnishment suit as to defendant Jean K. Lewis.

The order of the circuit court dismissing the garnishment proceedings is reversed and the cause remanded for reinstatement of garnishment proceedings, with costs to plaintiff.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.