HARVEY v. LEWIS.

APPEAL OF COHN.

APPEAL OF CONGREGATION ADAS SHALOM.

1. RECEIVERS—SUMMARY PROCEEDING—POSSESSION OF PROPERTY OF NONPARTIES.

A receiver may not, ordinarily, through a summary proceeding in the receivership case and without a plenary suit, take into his possession property in the possession, at the time receivership proceedings are instituted, of one not a party to the suit, a stranger to the record, and who claims adversely to the party for whom the receiver is appointed.

2. ESCROWS—TERMINATION OF AGENCY AS TO ONE PARTY TO AGREE-MENT.

The agency of an escrow agent under an agreement empowering the agent to use the escrowed funds to perform certain acts in case the vendor of the property failed to do so within a given period of time, terminated so far as the vendor was concerned upon the lapse of the stated time without performance having been achieved by such vendor, hence, receiver was not entitled to proceed summarily against the escrow agent, who had not been made a party to the proceedings which gave rise to the receivership, to obtain possession of property that was in good faith claimed by a party adversely to the creditor of the vendor.

Appeal from Wayne; Rashid (Joseph G.), J. Submitted October 5, 1961. (Docket No. 9, Calendar No. 48,793.) Decided March 19, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur, Receivers § 203.
Right of receiver to take property in summary manner or by summary proceedings from strangers to the record. 40 ALR 903.

Bill by Sidney M. Harvey, Thermie Henkle, William T. McAlonan, Emma Moist, and others against Daniel L. Lewis, *et al.,* doing business as Lewis Bros., Brookdale Cemetery Association, Brookdale, Inc., Mt. Sinai Memorial Cemetery Association, and others, for accounting, receivership proceedings, quieting of title, cancellation of encumbrances, impressment of trust, and for other relief in connection with corporate organization and sales of property for cemetery purposes.

Objection by respondents to release of certain escrowed funds to receiver of Brookdale Cemetery Association. Order releasing funds and directing escrow agent to pay funds to receiver, with credit given to Lewis Brothers therefor. Respondents Irwin I. Cohn and Congregation Adas Shalom appeal. Reversed and order vacated.

*Walter M. Nelson (Burger & Sullivan* and *Frank Iannelli,* of counsel for Harvey and McAlonan, *Clarence T. Wilson,* of counsel for Henkle, Moist, and others), for plaintiffs, appealing in receivership proceedings.

*Stanley E. Beattie (John R. Starrs, in propria persona,* of counsel), for John R. Starrs, receiver.

*John Sklar,* for defendant Cohn.

*Irwin I. Cohn,* for defendant Congregation Adas Shalom.

KAVANAGH, J. This case involves the affairs of Brookdale Cemetery Association in Wayne county. The original appeal involving the appointment of a receiver and numerous other questions was disposed of in an earlier case—*Harvey* v. *Lewis,* 357 Mich 305.

During the original proceedings a receiver was also appointed for Brookdale, Inc., a corporation which holds substantially all the capital stock of Brookdale Cemetery Association.

On February 26, 1948, Lewis Brothers, as stockholders of Mt. Sinai Memorial Cemetery Association (herein referred to as Mt. Sinai) agreed to sell the stock of Mt. Sinai to Northwest Hebrew Congregation and Center (now Congregation Adas Shalom). The sellers warranted the title to a 22-acre tract owned by Mt. Sinai and also agreed to acquire and include in the sale an adjoining 1-acre parcel owned by Brookdale Cemetery Association where a well was located. The purchase price was $80,298.51 with a down payment of $10,000 and the remainder in instalments.

On July 28, 1949, by further agreement, the transaction was amended to provide for cash settlement in payment of the balance of the purchase price for $55,000, Lewis Brothers agreeing in return to assume and pay off an outstanding mortgage on the 22-acre tract given by Mt. Sinai to Brookdale Cemetery Association.

Adas Shalom borrowed $55,000 from National Bank of Detroit, which was paid over to Lewis Brothers with the exception of $19,000 which, in accordance with the terms of said agreement, was deposited with Irwin I. Cohn as escrow agent as security for the performance of the undertakings and obligations. These included payment and discharge of a $12,000 mortgage to Brookdale Cemetery Association, acquisition and conveyance to Adas Shalom of the additional 1-acre tract, and delivery of all the stock of Mt. Sinai to Adas Shalom.

The agreement obligated Lewis Brothers to complete said undertaking within a period of 9 months with provision for release of $2,000 of the escrow funds upon procurement of title to the 1-acre plot,

and for release of $17,000 upon procurement of the mortgage discharge. In the event of their failure to complete the undertaking, the escrow agent (Cohn) was authorized to utilize said fund to carry out the agreement.

The 9-month period expired without perfomance of the undertaking by Lewis Brothers. No action was taken by any of the parties and matters remained in this status until the original Brookdale lawsuits were instituted in 1952. In connection with the original bill of complaint filed by Harvey and others, plaintiffs procured an *ex parte* order to show cause and a temporary restraining order restraining Lewis Brothers and Adas Shalom from carrying out their agreements of February 26, 1948, and July 28, 1949, and from "expending, assigning, or in anywise encumbering or disposing of the $19,000 escrow fund in the hands of Irwin I. Cohn." Cohn, however, was not named as defendant or made a party to the suit, but as escrow agent and depositary thereof he was directed to hold the fund.

These suits and the allegations and pleadings therein brought to the attention of Adas Shalom the relationship and involvement of Lewis Brothers in the internal affairs of the Brookdale corporations, and explained the failure to procure the additional acre or to satisfy the Mt. Sinai mortgage. In October, 1952, admitting their failure to perform and for the purpose of indemnifying and securing Congregation Adas Shalom, Daniel Lewis and George Lewis (Saul Lewis having meanwhile died) assigned to Irwin I. Cohn and Arthur M. Lang as escrow agents all the stock, interests and rights of Lewis Brothers in both Brookdale corporations and their assets.

On March 19, 1954, an agreement was entered into between Brookdale Cemetery Association and Congregation Adas Shalom, wherein Adas Shalom

agreed to pay the sum of $30,000 for an assignment of the Mt. Sinai mortgage and a quitclaim deed covering the land involved in the original agreement—both the 22 acres and the additional acre. Brookdale also undertook to effect a discharge of the Goers mortgage, so-called, an outstanding mortgage against most of the Brookdale land, including the 1-acre parcel above referred to. Under this agreement the $30,000 was to be held by Irwin I. Cohn in escrow pending performance of this agreement by Brookdale. In view of the restraining order against Cohn and Adas Shalom in the original case, Brookdale assumed responsibility for procuring any court approval which it might consider necessary to carry out its agreement. The agreement was without waiver of any claim which Brookdale Cemetery Association might have against Lewis Brothers, this reservation being confirmed by a supplemental agreement of April 12, 1954.

Following the agreements of settlement with Adas Shalom in March and April, 1954, Brookdale Cemetery Association instituted suit at law against Lewis Brothers seeking to recover from them the proceeds of their sale to Adas Shalom. In connection with this suit Brookdale Cemetery Association caused garnishment writs to be issued against various persons, including Irwin I. Cohn and Arthur M. Lang. See *Brookdale Cemetery Association* v. *Lewis,* 342 Mich 14. Cohn and Lang filed disclosures denying any indebtedness to Lewis Brothers. Cohn admitted receipt of $19,000 under the escrow agreement, but denied possession of any money or property belonging to Lewis Brothers, in view of their nonperformance and breach of agreements.

Up to the time of trial in the original receivership proceedings, Cohn made payments from time to time aggregating $20,000 to Brookdale Cemetery Association to apply on the last settlement agreement, an

additional $1,000 being paid after the trial and prior to decision. These payments represented advances by Irwin I. Cohn out of his own funds for Adas Shalom, Cohn (as escrow agent) having assumed responsibility for the entire agreed sum of $30,000 by receipting to Brookdale Cemetery Association, without requiring deposit thereof by the Congregation Adas Shalom, and relying on the integrity of the Congregation to reimburse him at a later time.

At the trial of the main case in 1955, Irwin I. Cohn was called as a witness and testified fully concerning the payments made by him to Brookdale Cemetery Association aggregating $20,000. He testified that, in view of the interlocutory restraining order against him, he did not use the $19,000 Lewis Brothers escrow money for such payments, and that the $20,000 paid by him represented his own funds advanced in behalf of Adas Shalom.

Both plaintiffs' original bill of complaint and the suit at law by Brookdale Cemetery Association against Lewis Brothers sought recovery of the proceeds of the sale to Adas Shalom.

Following the lengthy trial in the main case, the trial chancellor found the charges against Congregation Adas Shalom to be without merit and upheld in full the *bona fides* and validity of its purchase from Lewis Brothers. On April 3, 1956, a final decree was entered in favor of Adas Shalom dismissing the bill of complaint as to it. The decree declared full and unencumbered title in fee simple in Congregation Adas Shalom both as to the 22-acre parcel and the additional 1 acre, thus freeing said lands of the Brookdale mortgage or any other lien.

Plaintiffs' motion for rehearing was denied by the court on May 3, 1956. No appeal was taken by anyone from either the decree or the denial of rehearing.

Having retained jurisdiction of the case as to the remaining defendants, the chancellor subsequently

appointed a receiver to take possession of the 68 acres still owned by Brookdale Cemetery Association. This receiver resigned in 1958 and the present receiver was appointed in his place by the trial chancellor with broader powers.

Subsequent proceedings instituted by the receiver against Lewis Brothers for an accounting of their fiduciary obligations to Brookdale Cemetery Association resulted in an adjudication by the lower court on December 5, 1958, that the Mt. Sinai transaction by Lewis Brothers was a breach of their fiduciary obligations to Brookdale Cemetery Association, and required Lewis Brothers to account for the proceeds thereof to the receiver.

Accounting proceedings were had between the receiver and Lewis Brothers resulting in a finding and opinion by the court on February 27, 1959, that Lewis Brothers be charged with the entire proceeds of said sale of $80,298.51 plus interest, bringing the aggregate amount to $118,493.66, which was reduced to approximately $61,000 by certain credits for garnisheed funds belonging to Lewis Brothers and recovered by the receiver.

After determination of the liability of Lewis Brothers to the receiver, the receiver filed a petition on April 22, 1959, in the main case praying the court to require Irwin I. Cohn to show cause why he should not be compelled to transfer to the receiver the sum of $19,000 which had originally been escrowed with him in 1949.

Hearing was had on the order to show cause. Cohn declined to waive objections to jurisdiction or the propriety of the summary proceedings and incorporated in the record some portion of the previous proceedings to indicate that his adverse claims and contentions were substantial and not merely colorful or frivolous. On May 3, 1960, the circuit judge directed entry of an order requiring payment

by Irwin I. Cohn of the disputed $19,000 to the receiver and directing that this be credited against, thereby reducing, the obligation of Lewis Brothers to the receiver by a like amount. Cohn appeals.

Cohn argues he has no liability to Lewis Brothers by reason of their failure to perform the escrow agreements and that no liability existed at the time of appointment of the receiver on the part of Cohn for the escrow deposit.

Cohn contends he has a right to offset the moneys he advanced in behalf of Adas Shalom to perform the last agreement with Brookdale Cemetery Association against the original $19,000 deposited in escrow.

It is contended by Cohn that retention of the escrow deposit by the escrow agent in deference to the pending bill of complaint and interlocutory restraining order did not conclude the rights of Cohn with respect thereto after dismissal of the bill of complaint. Cohn further alleges that in view of their unperformed 1949 agreement, Lewis Brothers could not in 1959 have sued the escrow agent for the $19,000 deposited and the receiver is in no better position to recover said sum for the benefit of Lewis Brothers. It is also contended that in view of the adverse claim and denial of liability by Cohn, he is entitled to trial in plenary proceedings with right of jury trial if desired and is not subject to summary jurisdiction in a case wherein he has never been made a party.

The receiver, in answer to all this, states the decree of the trial chancellor contains the following language, "Matters in dispute among the defendants themselves, or any of them, is of no concern of the plaintiffs, or is, at best, a collateral matter, [which] * * * may be relegated to unfinished business." The decree further provided for inter-defendant accountings. The receiver contends that the chancellor did not decide the question of whether the $19,000

of the 1949 agreement was included in the $30,000 of the 1954 agreement. The receiver further contends there was no mortgage in existence on the 22 acres or on the 1-acre parcel known as the Goers mortgage at the time the $30,000 agreement was entered into, this mortgage having previously been discharged.

The receiver adopts the claim that the escrow agent had 3 choices when asked for the money escrowed. He had a choice of either paying the money over; declining to pay the money over, claiming conditions had not been met; or pleading previous payment under the terms of the agreement of deposit. The receiver argues the escrow agent cannot take the position he has reimbursed himself for allegedly paying similar sums out to third or fourth parties without having notified the other parties to the original agreement.

The general rule with respect to an action by a receiver in summary proceedings is set forth in *Stowe* v. *Wolverine Metal Specialties Co.*, 242 Mich 624, 627, 628, as follows:

"We recognize the rule contended for by appellant's counsel that the receiver may not, ordinarily, through a summary proceeding in the receivership case and without a plenary suit, take into his possession property in the possession [,] when the receivership proceedings are instituted [,] of one not a party to the suit, a stranger to the record, and who claims adversely to the party for whom the receiver is appointed. Where one in possession of property in good faith denies the right of the one for whom a receiver is appointed, and he is neither agent or in privity with such one, and is not made a party, he is a stranger to the record, and a plenary suit is the appropriate remedy to settle his rights and those of the receiver. This rule has been generally recognized. (Cases cited.)"

This rule was followed by this Court in *In re Kennison Sales & Engineering Co.*, 363 Mich 612.

The question to be determined in the instant case is whether or not escrow agent Cohn, under the terms of the several agreements, was a party to the suit, a stranger to the record, or one who claims adversely to the party for whom the receiver was appointed, and therefore entitled to have his rights and those of the receiver settled in a plenary suit.

In determining whether or not he is an agent or one in privity with the party for whom the receiver was appointed, we must turn to the various instruments that established the escrow agreements and particularly the agreement involving the $19,000 claimed. The agreements provided for the performance by Lewis Brothers of certain acts within a specified time, and upon the failure to perform those acts within the time agreed upon, Adas Shalom—the other party to the agreements—was entitled to proceed to perform those acts. The agreements were not carried out on the part of Lewis Brothers within the time specified. The agency of Cohn, insofar as it relates to Lewis Brothers, was brought to an end and the escrow agent held the $19,000 for the benefit of Adas Shalom in obtaining the performance. This was the condition existing at the time the receiver instituted the show cause action. It was the same condition existing at the time the receiver was appointed.

Cohn was not a party in privity with the Brookdale corporations for which the receiver was appointed. The receiver was not entitled to maintain the summary proceedings. Cohn was entitled to have his rights determined in a plenary action. *Husted* v. *Pogue*, 249 Mich 410.

The order of the trial chancellor is reversed and set aside and the receiver is relegated to proof of his

claim, if any, in a plenary suit. Appellant Cohn shall have costs.

Dethmers, C. J., and Carr, Kelly, Black, and Souris, JJ., concurred.

Otis M. Smith and Adams, JJ., took no part in the decision of this case.