HERMAN *v.* PLOSZCZANSKI.

1. AUTOMOBILES—INTERSECTIONS—REFERENCE TO INSURANCE.

Claim of plaintiff in his action for injuries he sustained when he, as a westbound pedestrian, was hit by defendant, a southbound motorist, some 2 feet from southwest curb at intersection which each claimed to have entered with red and green traffic light in his favor at 8 p.m. on March 1st, that defendant's counsel had injected into the case in his closing argument to jury that defendant did not carry insurance by making statement that he wished to point out to jury that the case meant as much to defendant as it did to the plaintiff *held*, untenable under record presented, and not such a flagrant violation of the rule against reference to insurance as to justify an order granting a new trial (CLS 1956, § 500.3030).

2. NEW TRIAL—SYMPATHY—PRESENCE OF WIFE.

Plaintiff pedestrian's claim that new trial should have been granted because presence in courtroom of wife of defendant motorist may have aroused a feeling of sympathy of some kind for defendant *held*, not tenable, where it does not appear there was anything improper in her conduct or that the jury, in fact, took any note of her presence, and trial judge did not find affirmatively that plaintiff had been deprived of a fair and impartial trial.

3. SAME—DISCRETION OF COURT—CONJECTURE.

Action of trial judge in granting a new trial will not be set aside unless there has been an abuse of discretion but such an order must be based on the facts involved in a particular situation and may not be predicated on conjecture or mere possibilities.

4. COURTS—DISCRETION OF COURT.

The term *discretion,* as used in reference to powers of a trial

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 6] 5A Am Jur, Automobiles and Highway Traffic § 1023.
[2, 3] 5 Am Jur 2d, Appeal and Error §§ 850, 851.
[4] 14 Am Jur, Courts § 54.

judge in the conduct of a jury trial, means a sound judicial discretion.

5. INSURANCE—LIABILITY INSURANCE.

A rule that defendant will not be permitted to convey to the jury the information that he is not insured will not be extended so as to bar language which may merely convey a certain impression that defendant is not insured (CLS 1956, § 500.3030).

6. AUTOMOBILES—REFERENCE TO INSURANCE—NEW TRIAL—DISCRETION OF COURT.

Statement of defendant motorist's counsel in his closing argument to jury in action brought by pedestrian that "I wish to point out to you that this case means as much to my client as it does to" plaintiff, when considered in its context, together with the fact that no objection was made to it at the time given and no charge to jury to disregard it was either requested or made by the judge on his own motion, and the additional fact that jury requested additional instructions on issue of contributory negligence *held*, not to have justified trial judge in exercising his discretion so as to grant a new trial because jury might have interpreted such statement as indicating defendant did not have insurance, a subject prohibited from being referred to in such a trial (CLS 1956, § 500.3030).

BLACK and KAVANAGH, JJ., dissenting.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted December 4, 1962. (Calendar No. 78, Docket No. 49,385.) Decided February 7, 1963. Rehearing denied April 5, 1963.

Case by Stanley Herman against Nicholas Ploszczanski for personal injuries sustained when struck by automobile. Verdict and judgment for defendant. Motion to set aside judgment and for new trial granted. Defendant appeals. Reversed and remanded.

*John H. Gillis* and *Philip A. Gillis,* for plaintiff.

*Willans, Frisbee & Ryal (James J. O'Donnell,* of counsel), for defendant.

CARR, C. J.  Plaintiff herein was struck by defendant's car at the intersection of Caniff and Gallagher streets in the city of Hamtramck and sustained substantial injuries.  The accident occurred on March 1, 1958, at approximately 8 o'clock in the evening. Traffic at said intersection was controlled by red, amber, and green lights, and the intersection was lighted, at least to some extent, by streetlights.

It was the claim of the plaintiff on the trial of the case in circuit court that he was walking in a westerly direction on the south side of Caniff street and started across Gallagher street with the green light in his favor.  When he was near the west curb he was struck by defendant's automobile, which, according to his testimony, he had not previously noticed. There was also testimony in the case indicating that plaintiff was walking with his head down.  Defendant, as a witness in his own behalf, claimed that his headlights were on, that he entered the intersection, driving in a southerly direction, with the green light in his favor, and that at least 2 other vehicles proceeding in a northerly direction traversed the intersection at the same time that defendant was undertaking to pass through it.  The right front fender of defendant's automobile struck plaintiff approximately 2 feet from the west curb.

The issues raised as to the negligence of the defendant and the claimed contributory negligence of the plaintiff were submitted to the jury for determination by the charge of the trial judge.  Verdict was returned in favor of the defendant and plaintiff moved for a new trial, asserting as grounds thereof that the trial court was in error in denying plaintiff's motion for a directed verdict as to liability, that defendant had not borne the burden of proof of establishing contributory negligence on the part of plain-

tiff,* that the verdict was against the preponderance of the evidence, and that counsel for defendant in his closing argument to the jury had implied that defendant did not have insurance. Defendant filed answer to said motion, in substance denying that it was well-founded. In passing on the questions raised the trial judge expressed the conclusion that there was a question as to plaintiff's contributory negligence and pointed out that the jury, following the submission of the case, had returned to the courtroom for further instructions on such issue. The instructions were given, and thereafter the verdict of the jury was returned.

The claim that the question of insurance had been injected into the case by counsel for defendant in his closing argument to the jury was based on the following statement in the course of such argument:

"I wish to point out to you that this case means as much to my client as it does to Mr. Herman."

It was the position of counsel for plaintiff on the argument of the motion for a new trial that the jury might have interpreted said statement as meaning that defendant did not carry insurance. On behalf of the latter it is insisted that such construction was not permissible. It does not appear that any direct reference to insurance was made by counsel, and it is argued that conjecture and speculation are not allowable in the consideration of the possible interpretation placed by the jury on the remark. The trial judge, however, concluded that the statement might have caused the jury to believe that counsel meant to say that defendant was not protected by insurance and, hence, that any judgment rendered against him would be his sole responsibility. Apparently it was argued also in support of the motion

* See Court Rule No 23, § 3a, as added in 352 Mich xiv.—RE-PORTER.

for a new trial that the fact that defendant's wife was in the courtroom as a spectator might have been known to the jurors and have aroused a feeling of sympathy of some kind. It does not appear, however, that there was anything improper in the conduct of Mrs. Ploszczanski or that the jury, in fact, took any note of her presence. We are impressed that plaintiff's claim in this respect was untenable.

The question at issue in the case is whether the trial judge improperly concluded that plaintiff might have been prejudiced by the remark of counsel for defendant, above quoted. It is contended on behalf of plaintiff that the judge was vested with discretion in the matter and that his action did not constitute an abuse thereof. Reference to insurance in the trial of a case of the character here involved is prohibited by CLS 1956, § 500.3030 (Stat Ann 1957 Rev § 24-.13030). Said section continues the inhibition contained in the insurance code of 1917, as amended,* which has been considered in numerous prior decisions of this Court. See, also, Michigan Court Rule No 1, § 3 (1945), and *Darr* v. *Buckley,* 355 Mich 392.

In *Morris* v. *Montgomery,* 229 Mich 509, 512, the following significant statement was made:

"Plaintiff testified to a conversation with defendant at a hospital and stated an insurance adjuster was present. The testimony about an insurance adjuster was struck out. This cured the error. The time has come when probably a majority of persons on every jury own automobiles and the policy of carrying insurance is so common that it is not surprising if jurors sense the fact. The rule of exclusion, perhaps, ought to continue, even though everyday affairs have moved beyond its original reason, but it ought not to be employed to set aside judgments except in cases of flagrant violation."

---

* See CL 1948, § 522.33 (Stat Ann 1943 Rev § 24.296).—Reporter.

It may be noted that in the instant case the trial court did not find that there was a "flagrant violation" of the rule against reference to insurance in cases of this type. Neither did he find affirmatively that the plaintiff had been deprived of a fair and impartial trial because of the remark made by defendant's counsel. Apparently the new trial was granted on the theory that such result might have followed, dependent on the interpretation that the jury placed on the remark in the closing argument.

It has been repeatedly indicated by this Court that the action of a trial judge in granting a new trial will not be set aside unless there is an "abuse of discretion." However, such an order for a new trial must be based on the facts involved in a particular situation and may not be predicated on conjecture or mere possibilities. As pointed out in *Brookdale Cemetery Association* v. *Lewis,* 342 Mich 14, 18, the term "discretion" means a "sound judicial discretion." See, also, *Kellom* v. *City of Ecorse,* 329 Mich 303; *Reardon* v. *Buck,* 335 Mich 318. The general subject of a showing as to liability insurance in certain cases is considered at some length in an annotation in 4 ALR2d 761, in which it is stated (p 774) that:

"A rule that defendant will not be permitted to convey to the jury the information that he is not insured will not be extended so as to bar language which may merely convey a certain impression that defendant is not insured. Thus, in *Crowley* v. *Mailman* (1937), 88 NH 388 (190 A 273), it was held that a statement by defendant's counsel to the jury that if the defendant is not at fault the plaintiff is not entitled to recover damages, that it is not counsel's money, or the jury's money, but the defendant's money, is not inadmissible as telling the jury that the defendant does not carry insurance."

Counsel for defendant, insisting that he was not guilty of any flagrant violation of the rule forbidding the injection of the matter of insurance into cases where it is forbidden, and that the language used by him may not properly be given the interpretation claimed by counsel for plaintiff, argues that the statement emphasized must be considered in the light of the context. He points out that counsel for plaintiff had argued to the jury that the proofs in the case justified a verdict in the sum of $25,000 or $26,000, that the attention of the jury was called to the fact that the *ad damnum* clause of the declaration was $75,000, and that the return of a verdict in favor of plaintiff "in the vicinity of $25,000 or $26,000" was expressly requested. The alleged objectionable statement was contained in the following excerpt from the argument in which defendant's counsel was apparently endeavoring to reply to remarks made by the attorney for plaintiff:

"I would like to point out to you, which you already know, under the court rules, I get this 1 opportunity to talk to you. Mr. Gillis, under the court rules, gets to sum up with his closing argument. If I have forgotten, ladies and gentlemen of the jury, I will have to rely on you to remember and weigh it in your judgment. I wish to point out to you that this case means as much to my client as it does to Mr. Herman and as I pointed out before, there are duties both ways, all the duties are not on the defendant, all are not on the plaintiff, but each has certain duties and you must judge, you must judge them from the positions at the time of the accident, you must picture yourself in the position of these parties the night the accident occurred. ·

"In summation, we ask that you bring back a judgment of no cause for action in behalf of the defendant for the reasons that there has been no—absolutely no showing of negligence on the part of this defendant; that all of the testimony as far as the conduct

of the plaintiff is concerned is that Mr. Herman was not acting as a reasonable and prudent man and that, as unfortunate as it may be, his conduct bars him from recovery; that these unfortunate injuries and damages are the sole result of his own negligence. Also, that the damages, as far as we view them, ladies and gentlemen of the jury, are between $2,500 and $3,000, as far as his out-of-pocket expenses are concerned. I call your attention, $26,000 or $75,000 is one lot of money."

Counsel for plaintiff did not at the time make any objection to the argument nor did he request that the trial court charge the jury to disregard it. Neither did the judge on his own motion suggest the impropriety of the statement in question or direct the jury to refrain from giving consideration thereto. The record before us fairly suggests that at that time the statement, now claimed to have been prejudicial to plaintiff, did not impress either court or counsel as subject to the interpretation that it is now contended the jury may have given it. The fact that further instructions were requested on the subject of contributory negligence, as pointed out by the trial judge in his opinion, would indicate that the members of the jury considered that issue to be the controlling one in the determination of the case.

On the record before us it may not be said that the plaintiff was deprived of a fair and impartial trial. There was evidence supporting the verdict returned by the jury. We do not think that the remark of counsel for defendant as to the latter's interest in the outcome of the case was in such form that it could be construed by the jury as meaning that he was not carrying insurance. In view of the argument of plaintiff's counsel as to the amount of the verdict that the jury should return, defendant not only had a concern of a financial nature, assuming that the maximum amount of insurance coverage

was $10,000 as counsel suggests, but he might well have been affected adversely in other respects. In view of the context it is a fair conclusion that counsel was seeking to remind the jury that the rights and duties of both parties to the case were involved. The factual situation presented was not such as to require the granting of a new trial in the interest of justice. The order entered was not in accord with "sound judicial discretion."

The case is remanded to the circuit court with directions to set aside the order from which the appeal has been taken. Appellant may have costs.

Dethmers, Kelly, Souris, and Otis M. Smith, JJ., concurred with Carr, C. J.

Black, J. (*dissenting*). I am unable to agree that the trial judge abused the relevantly broad discretion the law confides to those who preside where things happen that are visible to the human eye yet never find their way into typed or printed pages. I am concerned, to be perfectly frank about it, that 1 very broad rule of discretion applies—or at least seems to apply—in this Court when the *plaintiff* new trial seeker has lost in the juryroom, and another more restricted rule of "sound" judicial discretion applies when the *defendant* new trial mover has lost in that room. Compare the current opinion of the Chief Justice with that of the Court in *Patzke* v. *Chesapeake & Ohio R. Co.*, 368 Mich 190.

The rule should be the same whether a plaintiff or a defendant succeeds below with his motion for new trial. I therefore vote to affirm this order for new trial on strength of principles approved by unanimous vote in *Patzke, supra.*

Kavanagh, J., concurred with Black, J.

O'Hara, J., took no part in the decision of this case.