BENMARK v. STEFFEN.

1. NEW TRIAL—REVIEW OF ORDER GRANTING NEW TRIAL.
    Direct review of an order granting a new trial is now possible
    on appeal by leave granted.

2. APPEAL AND ERROR—DISCRETION OF COURT.
    Action of trial judge in granting a new trial will not be set
    aside by the Court of Appeals unless there is an abuse of dis-
    cretion.

3. SAME—DISCRETION OF COURT.
    Greater latitude is allowed the trial court in granting than in
    refusing new trials, and the appellate court will interfere
    more reluctantly where the new trial is granted than where
    it is denied, since in such cases the rights of the parties
    are not finally settled as they are where the new trial is
    refused.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 850 et seq.
[2-5] 5 Am Jur 2d, Appeal and Error § 851.
[6-8] 39 Am Jur, New Trial § 54 et seq.

4. NEW TRIAL—ABUSE OF DISCRETION.
   Determination that an abuse of discretion exists in granting a new trial requires that the result must be so palpably and grossly violative of fact and logic that it evidenced not the exercise of will but perversity of will, not exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

5. SAME—ABUSE OF DISCRETION.
   First test of trial court's decision to grant new trial is to inquire whether the reasons assigned by the court for granting a new trial are legally recognized ones.

6. SAME—IMPROPER CONDUCT.
   Objectionable comments by counsel which were designed to, and did, influence jury improperly and unfairly during the trial *held*, to constitute a legally recognized ground for granting a new trial (GCR 1963, 527.1[1], 527.1[2], 528.3[3]).

7. TRIAL—ARGUMENT.
   Reference by defense counsel in closing argument to large sums of money demanded by plaintiff *held*, not patently improper or prejudicial.

8. NEW TRIAL—REMARKS OF COUNSEL—OFFER OF JUDGMENT.
   Record which fails to show numerous prejudicial remarks by defense counsel in trial on damages only, and shows that no objection was made by plaintiff to what remarks there were, *held*, not to justify granting of new trial in case where jury verdict was 1/2 of defendant's offer of judgment made before trial.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted Division 3 October 3, 1967, at Grand Rapids. (Docket No. 2,852.) Decided March 18, 1968.

Complaint by Dora Benmark against Edwin F. Steffen, executor of the estate of Burr H. Thompson, deceased, for personal injuries sustained in an automobile collision. Verdict and judgment for plaintiff. On appeal judgment reversed and remanded for retrial. Jury verdict for plaintiff in the amount of

$7,500. Plaintiff's motion for new trial granted. Defendant appeals. Reversed and judgment ordered entered on the jury's verdict.

*van Benschoten & van Benschoten,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt, & Peacock,* for defendant.

FITZGERALD, P. J. This is an action for personal injuries caused by an automobile accident in Saginaw county. The first trial resulted in a jury verdict for plaintiff in the amount of $50,000. On appeal, the judgment was reversed and the case was remanded for retrial. *Benmark* v. *Steffen* (1965), 374 Mich 155. Reversal was ordered "on account of prejudicial misconduct of both trial counsel before the jury, on account of error of the trial judge in failing to discipline the trial properly, and on account of error of the trial judge in refusing to grant defendant's motion for mistrial."

On retrial, defendant was represented by other counsel. Plaintiff was represented by the same counsel and (we refrain from commenting on the wisdom of the procedure) the same circuit judge presided. Defendant admitted liability prior to retrial and the case was tried on the issue of damages alone. The jury returned a verdict for plaintiff in the amount of $7,500. Plaintiff moved for a new trial or additur based on alleged misconduct of defense counsel, both in trial of the case and in closing argument, and also claimed that the verdict was inadequate.

No allegation of misconduct was raised during the retrial. One objection was made to a portion of the closing argument, but was overruled by the trial court. No jury instruction regarding improper

conduct or argument was requested or given. Without benefit of the transcript, the trial court granted the motion for new trial. The court held that:

"Defense counsel's baseless, repetitious comments and objections, not only to the presentation of plaintiff's case, but especially to the rulings of the court throughout the entire trial seemed calculated to create in the minds of the jurors the impression that it was not possible for defendant to have a fair trial in this jurisdiction and so overshadowed and obscured the actual issues of the case that another trial in a more dispassionate, judicial atmosphere appears necessary in the interests of simple justice;"

and that:

"Most of the objectionable comments and tactics of defendant's counsel were definitely designed to and undoubtedly did influence the jury improperly and unfairly during the course of the trial."

It is argued by appellant that the court erred in holding that defense counsel's conduct was prejudicial, and abused its discretion in granting a new trial. Counsel admits that the case was tried with diligence and staunch advocacy, but claims that disagreements with the lower court's rulings in the presence of the jury were courteous, if insistent, and were not in any manner prejudicial. The court's findings to the contrary, it is pointed out, are not supported by specific quotations from the transcript.

The issue before us is clear: should the new trial have been granted?

Until rather recently, the granting of a motion for new trial was held not appealable because it did not finally dispose of the case in the trial court. See, by way of example, *Wheeler* v. *Equitable Life Assurance Society of the United States* (1940), 294 Mich 520, 525:

"It is the rule of this Court that an unconditional order granting a new trial may not be reviewed on writ of error. *Decker* v. *Fair,* (1923), 222 Mich 507; *Mifflinburg Bank* v. *Bickhart* (1923), 224 Mich 98; *Terzian* v. *Gordon* (1924), 229 Mich 296. The same rule applies to general appeals under the present practice and we cannot review the court's unconditional order granting the new trial."

What few cases there were on this subject were brought by way of mandamus, a generally unsuccessful method for attacking a decision involving a large measure of discretion in the trial court.

The practice has now been changed, and orders granting new trials are reviewable upon leave granted. Moreover, "recent decisions indicate a disposition of the [Supreme] Court rather freely to grant leave to appeal for direct review of an order granting a new trial." 3 Honigman & Hawkins, Michigan Court Rules Annotated, pp 123–124. As a consequence, there is a wealth of recent cases in which guidelines for review of an order granting a new trial are set forth.

All recent cases reiterate that the granting or denial of a motion for new trial rests largely within the discretion of the trial court, which, if not abused, cannot be interfered with on appeal. Some cases hold, further, that:

"Even greater latitude is allowed the trial court in granting than in refusing new trials, and the appellate court will interfere more reluctantly where the new trial is granted than where it is denied, since in such cases the rights of the parties are not finally settled as they are where the new trial is refused."

*Patzke* v. *C & O Railway Co.* (1962), 368 Mich 190, 195, quoting from *Hoskin-Morainville Paper Co.* v. *Bates Valve Bag Corp.* (1934), 268 Mich 443, 450.

A statement to like effect may be found in the dissent to *Sloan* v. *Kramer-Orloff Co.* (1963), 371 Mich 403 at 406.

How much greater latitude should be allowed is open to question. Whereas granting a new trial does not finally determine the controversy between the parties, it does subject both sides to the additional time and expense of re-litigation. In addition, it has the effect of setting aside a jury verdict in favor of one side, a step that should not be taken without sound reasons. See *Kalamazoo County. Road Commissioners* v. *Bera* (1964), 373 Mich 310, wherein an order granting a motion for new trial was reversed on the ground that it invaded the province of the jury without sufficient cause. See also, *Bridwell* v. *Segel* (1960), 362 Mich 102. In addition, *Hoskin-Morainville Paper Co.* v. *Bates, supra,* which first adopted the "greater latitude" proposition, reversed the trial court's grant of a new trial notwithstanding the greater latitude it afforded the lower court's decision.

What constitutes an abuse of discretion in granting a motion for new trial is difficult to pin down. The standard for judging judicial discretion in this area seems to vary to some degree, depending upon the result reached. In reversing an order granting a new trial, the majority in *Herman* v. *Ploszczanski* (1963), 369 Mich 252, said at 257:

"It has been repeatedly indicated by this Court that the action of a trial judge in granting a new trial will not be set aside unless there is an 'abuse of discretion.' However, such an order for new trial must be based on the facts involved in a particular situation and may not be predicated on conjecture or mere possibilities. As pointed out in *Brookdale Cemetery Association* v. *Lewis* (1955), 342 Mich 14, 18, the term 'discretion' means a 'sound judicial discretion.' "

In affirming an order granting new trial, the majority in *Sloan* v. *Kramer-Orloff Co.* (1963), 371 Mich 403, 418, relied on *Spalding* v. *Spalding* (1959), 355 Mich 382, 384, for the following definition:

"In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

The question of the scope of review of orders granting motions for new trials is noted in 3 Honigman & Hawkins, *supra*, at p 124, as follows:

"There is general agreement, in theory, that the question is whether the trial judge abused his discretion, and there is some recognition that 'greater latitude is allowed the trial court in granting than in refusing new trials.' But there is considerable disagreement as to the latitude left to the trial judge and to the reviewing court under the abuse of discretion formula."

It is suggested that the most logical way to test the trial court's decision is to inquire, first, whether the reasons assigned by the court for granting a new trial are legally recognized ones. Justice SOURIS, speaking for 4 members of an equally divided court, advocated this method in *Alder* v. *Flint City Coach Lines, Inc.*, (1961), 364 Mich 29, 31, and listed 4 such legally recognized grounds for granting a new trial. See, also, GCR 1963, 527.1. The second part of the test is whether the reasons assigned by the trial court are supported by any reasonable interpretation of the record. This is based on the language in *Herman* v. *Ploszczanski, supra,* to the effect that an order for a new trial "must be based on the facts involved in a particular situation and

may not be predicated on conjecture or mere possibilities." (369 Mich at 257.)

The trial court granted the motion for new trial because of "objectionable comments [which] were definitely designed to and undoubtedly did influence the jury improperly and unfairly during the trial." This comes within the fourth ground for granting a new trial listed by Justice SOURIS: that the verdict was "secured by improper methods, prejudice, or sympathy." (364 Mich at 31.) It also comes within the grounds specified in GCR 1963, 527.1(1) and (2) and 528.3(3): fraud, misrepresentation, irregularity or other misconduct of a prevailing or adverse party. The ground given for granting a new trial is thus a legally recognized one; if the record, by any reasonable interpretation, supports this ground, there cannot be said to have been an abuse of discretion, however that term may be defined.

At this point, we deem it appropriate to incorporate herein the trial court's opinion in granting the new trial:

### Opinion of the Court.

"Upon the first trial of the above entitled case, the jury awarded plaintiff $50,000 damages for injuries sustained in an automobile accident. On the second trial of the same case, following the Michigan Supreme Court decision in *Benmark* v. *Steffen* (1965), 374 Mich 155, the jury awarded plaintiff $7,500 damages.

"The matter is now before the trial court on plaintiff's motion for a new trial or in the alternative for an additur to the jury's verdict and also upon defendant's motion to tax costs against plaintiff because her verdict was less than the $15,000 'Offer of Judgment', which defendant filed in the case prior to the second trial (GCR 1963, 519.1).

"As in the previous proceedings, the present motion for a new trial is not based upon any claimed

error in reception or rejection of evidence or instructions to the jury, but, rather, upon the contention that the conduct of defendant's counsel prevented a fair trial and resulted in such a serious miscarriage of justice that the jury's verdict again must be set aside. No transcript of the trial proceedings has yet been prepared and as a consequence, this court cannot quote the exact language and other details of the trial. The mere fact that the charge can conscientiously be asserted, however, is disturbing and distressing to this court, which made every effort to impress upon counsel the importance of conducting this trial, in particular, upon the high plane so properly prescribed by the Michigan Supreme Court.

"As indicated in paragraphs 1, 2, 3, 7, and 8 of plaintiff's motion for a new trial, however, defense counsel's baseless, repetitious comments and objections, not only to the presentation of plaintiff's case but, especially, to the rulings of the court throughout the entire trial seemed calculated to create in the minds of the jurors the impression that it was not possible for defendant to have a fair trial in this jurisdiction and so overshadowed and obscured the actual issues of the case that another trial in a more dispassionate, judicial atmosphere appears necessary in the interests of simple justice.

"As stated before, this court does not have available at this time a transcript showing all that took place but recalls as an indication of what had transpired throughout the whole trial the colloquy which occurred just prior to the final summation when defense counsel, without any provocation, either then or later, lectured plaintiff's attorney about not injecting error into his argument to the jury. In view of what had happened previously, the court instructed defendant's attorney to accept the rulings of the court without the kind of critical, extraneous comment which previously had marred the record. While this particular incident occurred in the absence of the jury, most of the objectionable com-

ments and tactics of defendant's counsel were definitely designed to and undoubtedly did influence the jury improperly and unfairly during the course of the trial.

"In the opinion of this court, defense counsel's comment about money in his final argument to the jury would not in itself warrant a new trial as claimed in paragraphs 4, 5, and 6 of plaintiff's motion; but when taken in conjunction with all the other comments of defense counsel may well have combined to create a total effect, as *In re Powers Estate* (1965), 375 Mich 150, 178, which amounted to a denial of the fair trial contemplated under the high standards of justice established by the courts of this State.

"In the preceding trial, this court felt that the jury saw through the patently transparent theatrics of trial counsel as clearly and easily as did the judge and returned a verdict well within the evidence. As a consequence, this court accepted the $50,000 verdict, but was pleased that the Michigan Supreme Court, in unmistakable terms, refused to sanction the trial tactics of counsel under any circumstances. It is with the utmost regret that this court contemplates still another trial of this comparatively simple case. Yet a verdict for less than 16% of the previous award and only 1/2 of what defendant had offered to pay plaintiff in settlement of the claim indicates that defense counsel's objectionable trial tactics in this case were effective to an appreciable extent and should not be permitted to prevail. Both parties in this unfortunate case are entitled to a fair trial on the merits, uninfluenced by passion, prejudice, or improprieties in the presentation of their claims.

"This court has considered the question of a possible additur to the verdict as requested by plaintiff's counsel and as suggested in somewhat similar circumstances by the dissenting opinion in *Alder* v. *Flint City Coach Lines* (1961), 364 Mich 29, 40, 'with view toward possible elimination of the cost and

delay both parties must suffer in event of retrial
and possible appeal from judgment on retrial
* * * where the only question is that of amount
of plaintiff's unliquidated damages.'

"In this particular case, however, there is a dis-
tinct dispute of fact on sharply conflicting evidence
as to whether plaintiff's claimed loss of hearing and
arthritic condition and other damages resulted from
natural causes or from injuries sustained in the
crash caused by defendant's vehicle proceeding
through a red traffic light at rather a high rate of
speed into the side of plaintiff's automobile.  Under
our system of justice, these are classic questions for
a jury to answer when requested.  As the Michigan
Supreme Court in *Mawich* v. *Elsey* (1881), 47 Mich
10, 16, long ago held: 'As the trial involved an
inquiry into the credibility of witnesses, and in-
cluded the duty of drawing collateral inferences, it
is not an occasion for the court to test the result by
applying thereto its own judgment, and it matters
not what our opinion may be of the abstract justice
of the verdict.'

"For the reasons stated, plaintiff's motion for a
new trial will be granted.  Under the circumstances,
defendant's motion to tax costs of this trial will be
denied pending the outcome of further proceedings.
This court will sign orders prepared in conformity
with this opinion."

The opinion of the trial court cites only one
example of allegedly prejudicial conduct and it oc-
curred in the absence of the jury (*supra*, paragraph
5).  The only concrete allegation of the plaintiff in
her motion for new trial was the reference to large
sums of money in defense counsel's final argument,
and we quote it herewith:

"*Mr. Cooney:* I respectfully suggest to you ladies
and gentlemen, consider the evidence as it came
from the witness stand, not what Mr. vanBenschoten
said or testified to, as I suggest he has been doing

for several days, not what I said, or what you might consider I testified to, I am. not a witness, Mr. vanBenschoten is not a witness, the witnesses were the people that took the witness stand, and you should weigh and evaluate, what did they say? How did they say it? Is it believable, what they said? Is it credible? How do you accept it, find those experiences in life which allow you to judge the honesty, integrity, sincerity, directness, what was the interest, the financial interest, if you please, of the witness who testified? What are we here for? That demonstration on the blackboard indicates what we are here for—money, lots of money.

"*Mr. vanBenschoten:* Your Honor, I will object to that. She has a right to make a claim under the law for her injuries and that is what she is doing. Now this is—

"*The Court:* Counsel may argue the subject here. The objection is overruled."

To us, this does not appear patently improper or prejudicial, and the trial court properly overruled objection to it at the time. In *Herman* v. *Ploszczanski, supra,* a similar remark in defendant's closing argument ("I call your attention, $26,000 or $75,000 is one lot of money") was held not improper. Noting that plaintiff's counsel had stressed the amount of the verdict that the jury should return, the Court said:

"In view of the context it is a fair conclusion that counsel was seeking to remind the jury that the rights and duties of both parties to the case were involved. The factual situation presented was not such as to require the granting of a new trial in the interest of justice. The order entered was not in accord with 'sound judicial discretion.'" (369 Mich at 260.)

The trial court in the instant case did not plant his decision on one or two remarks, but referred to

"baseless, repetitious comments and objections * * * throughout the entire trial." Scrutiny of the record simply fails to indicate that they were indeed sufficiently numerous and prejudicial as to require retrial in the interest of justice. Further, it is of exceeding interest that no objections were raised to them at the time and no instruction was requested with regard thereto. See *Nowicki* v. *Podgorski* (1960), 359 Mich 18, 27:

"There was no motion for a mistrial, instructions to the jury, or even for the issuance of a reprimand to plaintiff's attorney. It was an incident such as sometimes occurs in the trial of contested cases. Excessive zeal or loss of temper on the part of an attorney during the course of a trial is scarcely conducive to the proper and orderly administration of justice. In the instant case, however, the record before us does not indicate that the matter was of such serious nature as to require the granting of a new trial."

The trial court granted a new trial without benefit of the transcript. The few instances of allegedly improper conduct specified do not appear to justify a new trial. Plaintiff objected to only one comment and that objection was properly overruled. A full review of the record in this case does not support the trial court's ground for granting a new trial.

Reversed, and judgment ordered entered on the jury's verdict. Costs to appellants.

BURNS and HOLBROOK, JJ., concurred.