WILLIAMS PANEL BRICK MFG. CO. *v.* HUDSIN

1. APPEAL AND ERROR—NEW TRIAL—LEAVE GRANTED.
   Orders granting new trials are reviewable upon leave granted.

2. NEW TRIAL—DISCRETION.
   The granting of a new trial rests in the discretion of the trial court.

3. NEW TRIAL—DISCRETION—STANDARD OF REVIEW.
   Ordering a new trial is not an abuse of discretion if the reasons assigned by the court for granting a new trial are legally recognized ones, and if the reasons assigned by the trial court are supported by any reasonable interpretation of the record.

4. NEW TRIAL—VERDICT AGAINST THE EVIDENCE—PASSION—HOME REMODELING CASE—DISCRETION.
   Granting a new trial to plaintiff builder on the ground that the jury verdict awarding defendants $1,200 in plaintiff's suit to foreclose a mechanic's lien for remodeling done was not an abuse of discretion where the trial court considered the verdict against the great weight of the evidence and concluded that the verdict was made on prejudice against people in the home modernization business (GCR 1963, 527.1[3], [4], [5]).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 January 6, 1971, at Detroit. (Docket No. 7787.) Decided March 30, 1971.

Complaint by Williams Panel Brick Mfg. Co. against Edward L. Hudsin and Ruth E. Hudsin to

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 850–852.
[2, 3] 39 Am Jur, New Trial §§ 201, 202.
[4] 39 Am Jur, New Trial § 209.

foreclose a mechanic's lien. Defendants counter-claim for breach of warranty. Verdict for defendants. Plaintiff's motion for a new trial granted. Defendants appeal. Affirmed.

*Dexter & McMath,* for plaintiff.

*John L. Kadela* and *Richard C. Tripp,* for defendants.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. Defendants appeal the trial court's decision to grant plaintiff's motion for a new trial.[1] The trial court, in a written opinion, granted the new trial on the basis that the jury's verdict "shocks the judicial conscience" because it was "against the great weight of the evidence". Speculating on the jury's rationale in returning such a verdict, the trial court stated, "Apparently, there is a natural prejudice against people in this type of business, the home modernization business".

The parties contracted for the plaintiff to remodel the defendants' home for $4,755. After the remodeling work was completed defendants refused to pay plaintiff on the grounds that the work had not been completed according to the contract and that plaintiff had failed to perform the work in a good and workmanlike fashion.

Plaintiff filed suit to foreclose a mechanic's lien in the amount of $4,755, and defendants counterclaimed for $10,000 and demanded a jury. It was not until after the jury was selected and the first witness sworn that the court and the parties realized

---

[1] Orders granting new trials are reviewable upon leave granted. *Benmark* v. *Steffen* (1968), 9 Mich App 416.

that the case was equitable in nature. The judge discussed the matter with both counsel in chambers and informed them that the case would be tried as a jury case. When counsel were asked by the judge if there were any objections, neither attorney objected.

The jury returned a verdict of no cause of action against the plaintiff and $1,200 in favor of the defendants. The question presented for appeal is whether the trial court erred in granting plaintiff's post-verdict motion for a new trial.

The granting of a new trial rests in the discretion of the trial court. *Detroit Tug & Wrecking Co.* v. *Circuit Judge* (1889), 75 Mich 360; *J. L. Hudson Co.* v. *Barnett* (1931), 255 Mich 465; *People* v. *Poole* (1967), 7 Mich App 237; *Benmark* v. *Steffen* (1968), 9 Mich App 416.

The rule laid down in *Benmark* v. *Steffen, supra,* to determine if the trial judge has exercised his discretion properly is to the effect that if the reasons assigned by the trial judge for his action are legally recognized and the reasons are supported by any reasonable interpretation of the record, he acted within his discretion.

GCR 1963, 527.1(3), (4), and (5) support the trial judge's reasons for granting a new trial. After reviewing the record we conclude the trial court's decision was not unreasonable.

Affirmed. Costs to plaintiff.