KAILIMAI v THE FIRESTONE TIRE & RUBBER COMPANY

Docket No. 57134. Argued October 5, 1976 (Calendar No. 4).—Decided December 7, 1976.

Henry C. Kailimai, R. LaVerne Kailimai, and Michael Watters brought a product liability action against The Firestone Tire & Rubber Company for damages caused by the blowout of a tire manufactured by the defendant. Watters' action was separated for trial, and the Kailimais obtained a verdict and judgment in Wayne Circuit Court, Elza H. Papp, J. The trial court granted the defendant a new trial as to Mr. Kailimai, and as to Mrs. Kailimai unless she accepted a remittitur of all of her judgment in excess of $1,000. The Court of Appeals, McGregor, P. J., and Quinn and Cavanagh, JJ., peremptorily ordered a new trial in both actions limited to the issue of damages (Docket Nos. 21693, 21694). Defendant appeals. *Held:*

1. The grant or denial of a new trial is within the sound discretion of the trial court which, if not abused, cannot be interfered with on appeal. If the reasons assigned by the trial judge for his action are legally recognized and the reasons are supported by any reasonable interpretation of the record, he acted within his discretion.

2. The Court of Appeals acted in this case without benefit of the lower court record, which was twice requested but never received by them. The Court of Appeals could not have known whether the trial court's reasons for granting a new trial were legally recognized and supported by the record without the benefit of the lower court file and transcripts or a stipulated record.

Remanded to the Court of Appeals for consideration as on leave to appeal granted.

1. TRIAL—NEW TRIAL—DISCRETION.

The grant or denial of a new trial is within the sound discretion of the trial court which, if not abused, cannot be interfered with on appeal. (GCR 1963, 527.1).

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur 2d, New Trial §§ 212, 213.

2. TRIAL—NEW TRIAL—DISCRETION.

    A trial judge acts within his discretion in granting a new trial if the reasons assigned by him for his action are legally recognized and the reasons are supported by any reasonable interpretation of the record.

3. APPEAL AND ERROR—RECORD—NEW TRIAL—DISCRETION.

    The Court of Appeals cannot determine whether a trial court properly granted a motion for a new trial without the benefit of the lower court file and transcript of the trial and post-trial proceedings, or a settled record.

*Zeff & Zeff (Edward Grebs,* of counsel) for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *John H. Dudley, Jr.,* and *Chester E. Kasiborski, Jr.)* for defendant.

COLEMAN, J. Plaintiffs[1] allege in this products liability case that on August 26, 1966 Henry C. Kailimai was driving a tow truck west on I-96 near Howell when the right rear tire blew out, causing the truck to turn over.

On August 7, 1969 plaintiffs filed their complaint in Wayne County circuit court against Firestone, the manufacturer of the tire, alleging negligence in design as well as breach of warranty. Plaintiff Henry Kailimai claimed personal and consequential injuries and his wife, who was not involved in the accident, sued for loss of consortium.

The case was jury-tried and plaintiff husband was awarded $48,000 and plaintiff wife was awarded $12,000.

Defendant moved for a new trial under GCR 1963, 527.1(4) and 527.1(7). Post-trial proceedings on defendant's motion were held on June 7 and

---

[1] At his request, plaintiff Michael Watters' action was separated for trial purposes.

June 14, 1974. Arguments were heard and the trial court ordered a new trial as to plaintiff husband. As to plaintiff wife, the trial judge ordered a remittitur to $1,000 or in the alternative granted a new trial.[2]

The plaintiffs appealed to the Court of Appeals. The Court of Appeals peremptory order remanded[3] the cause to Wayne County circuit court for partial new trials as to both plaintiffs, "limited to damages only".[4] The Court of Appeals acted without the benefit of the trial transcript or transcripts of the post-trial proceedings.

We granted leave on the narrow issue of whether the Court of Appeals erred in reversing the trial court's grant of new trials without reviewing the record upon which the trial court acted or the reasons it assigned for its ruling.

The grant or denial of a new trial is within the sound discretion of the trial court which, if not abused, cannot be interfered with on appeal.[5]

It has been contended that even greater latitude is allowed the trial court in granting than in refusing new trials.[6] However, in *Benmark v Steffen, supra,* the Court of Appeals by Judge, now Justice FITZGERALD, stated at 9 Mich App 421:

"How much greater latitude should be allowed is open to question. Whereas granting a new trial does not finally determine the controversy between the parties,

---

[2] July 12, 1974 order entered in Wayne County circuit court.

[3] GCR 1963, 806.7.

[4] March 17, 1975 order of the Court of Appeals.

[5] *Patzke v Chesapeake & O R Co,* 368 Mich 190, 195; 118 NW2d 286 (1962); *Benmark v Steffen,* 9 Mich App 416, 420; 157 NW2d 468 (1968); *Williams Panel Brick Mfg Co v Hudsin,* 32 Mich App 175, 177; 188 NW2d 235 (1971); *Haidy v Szandzik,* 46 Mich App 552, 555; 208 NW2d 559 (1973); *Dooms v Stewart Bolling & Co,* 68 Mich App 5, 20–21; 241 NW2d 738 (1976).

[6] *See Benmark, supra,* 9 Mich App 420, and cases cited therein.

it does subject both sides to the additional time and expense of relitigation. In addition, it has the effect of setting aside a jury verdict in favor of one side, a step that should not be taken without sound reasons."

*Benmark* further stated that "[w]hat constitutes an abuse of discretion in granting a motion for new trial is difficult to pin down". However, the Court extensively analyzed the problems inherent in the appellate review of a trial judge's discretion. In *Williams Panel Brick Mfg Co v Hudsin, supra,* the Court of Appeals summarized the criteria eventually espoused in *Benmark:*

"The rule laid down in *Benmark v Steffen, supra,* to determine if the trial judge has exercised his discretion properly is to the effect that *if the reasons assigned by the trial judge for his action are legally recognized* and the *reasons are supported by any reasonable interpretation of the record,* he acted within his discretion." (Emphasis added.) 32 Mich App 175, 177.

The Court of Appeals acted in the instant case without benefit of the record. It could not have known whether the trial court's reasons were "legally recognized" and "supportable" by the record because the panel never saw the trial court file or transcripts of any of the proceedings.[7] Although the post-trial transcripts of the June 7 and June 14, 1974 proceedings are now in this Court's possession, there is no transcript of the trial below. Thus, we must remand the instant case to the Court of Appeals for full consideration as on leave granted. The Court of Appeals cannot decide this question without benefit of the lower court file and transcripts or a stipulated record.

---

[7] The Court of Appeals twice requested the trial court file and trial court transcript (on December 9, 1974 and January 7, 1975) but never received the requested record and issued its order without it.

Remanded to the Court of Appeals as on leave granted. This Court retains no jurisdiction.

KAVANAGH, C. J., and WILLIAMS, LEVIN, FITZGER-ALD, LINDEMER, and RYAN, JJ., concurred with COLEMAN, J.