WILLETT v FORD MOTOR COMPANY

Docket No. 58170. Argued March 2, 1977 (Calendar No. 7).—Decided May 2, 1977.

Wayne Willett, the manager of an automobile bump shop at Walt Hickey Ford, Inc., a Ford dealer, gave expert testimony in an action for product liability in which the jury returned a verdict against the Ford Motor Company. The day after the verdict was returned, Willett was discharged by Walt Hickey Ford. He secured similar employment immediately, and brought a complaint against the Ford Motor Company for intentional interference with a favorable contractual relationship. At the trial the only witnesses were the plaintiff and Walter Hickey, who claimed the plaintiff was dismissed for poor attendance and production. A jury in Wayne Circuit Court, Elza H. Papp, J., returned a verdict for the plaintiff. The trial court granted the defendant's motion for new trial on the grounds of improper closing argument by plaintiff's counsel and excessive verdict. After the second trial, the plaintiff appealed only the order granting the new trial. The Court of Appeals, Bronson, P. J., and R. B. Burns and D. E. Holbrook, Jr., JJ., affirmed per curiam (Docket No. 23492). The parties appeal. *Held:*

1. Granting or denying a new trial is within the sound discretion of the trial court, and that discretion, if not abused, cannot be interfered with on appeal. If the reasons assigned by the trial court are legally recognized and supported by any reasonable interpretation of the record, the action is within the court's discretion.

2. The reasons assigned by the trial judge in this case, improper and prejudicial argument resulting in an excessive verdict, are legally recognized. The plaintiff was able to prove no actual damages by reason of his discharge; exemplary damages are not punitive in nature, but are compensatory damages for embarrassment and injured feelings. A review of the record

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur 2d, New Trial §§ 212, 213.
[3] 22 Am Jur 2d, Damages §§ 236, 237.
[4] 75 Am Jur 2d, Trial § 682 *et seq.*

supports the trial court's observation that testimony regarding embarrassment and injured feelings was extremely weak.

3. The giving of a cautionary instruction does not preclude further relief from an unjust verdict if the trial judge, or the reviewing court on appeal, finds that under all the circumstances the instruction may not have prevented the feared prejudicial impact. There is no way of knowing whether the interjection of this issue influenced the jury or whether the trial judge's cautionary instruction in fact removed any effect adverse to plaintiff's claim.

The decision of the Court of Appeals is affirmed.

1. TRIAL—NEW TRIAL—DISCRETION.

Granting or denying a motion for new trial is within the sound discretion of the trial court and that discretion, if not abused, cannot be interfered with on appeal (GCR 1963, 527.1).

2. TRIAL—NEW TRIAL—DISCRETION.

A trial judge acts within his discretion in granting a new trial if the reasons assigned by him for his action are legally recognized and the reasons are supported by any reasonable interpretation of the record.

3. DAMAGES—EXEMPLARY DAMAGES—EMBARRASSMENT.

Exemplary damages are not punitive in nature; rather, they are in the nature of compensatory damages for embarrassment and injured feelings.

4. TRIAL—CAUTIONARY INSTRUCTIONS—FURTHER RELIEF.

The giving of a cautionary instruction to the jury does not preclude further relief from an unjust verdict if the trial judge, or the reviewing court on appeal, finds that under all of the circumstances the instruction may not have prevented the feared prejudicial impact.

*Goodman, Eden, Millender, Goodman & Bedrosian* (by *Paul A. Rosen* and *William H. Goodman; Ernest Goodman,* of counsel) for plaintiff.

*John N. Highland* for defendant.

FITZGERALD, J. The principal issue on appeal is whether the trial court erred in setting aside a $75,000 jury award in favor of plaintiff and in granting defendant's motion for new trial.

## I

Plaintiff Wayne Willett brought suit claiming that defendant Ford Motor Company intentionally interfered with his contractual relations by causing him to be fired as bump shop manager of Walt Hickey Ford, Inc., a Ford dealership, because plaintiff had testified adversely to defendant in a products liability case, *Robinette v Ford Motor Co,* Wayne County Civil Action No. 29555. In his own trial, plaintiff testified that on July 1, 1970 he had testified as an expert in the *Robinette* case; that on July 2, the jury therein returned a verdict against Ford in the amount of $115,000; and that on July 3, plaintiff was fired as bump shop manager for Hickey Ford. Apart from this and other evidence, there were portions of plaintiff's testimony which were excluded in the first trial on an evidentiary ruling which was never appealed by plaintiff. On a separate record,[1] plaintiff testified that, after completion of his testimony in the *Robinette* case, he was approached in the courtroom hallway by a Mr. Shanks who was employed by Ford in the quality control department and who was to testify in Ford's behalf. According to plaintiff, Shanks appeared red in the face from anger and said to plaintiff: "We will take care of you."

The exclusion of plaintiff's testimony regarding the threat prompted plaintiff's counsel to move for a mistrial. The motion was denied, and the trial court warned plaintiff not to allude in the jury's presence to the excluded statement. The separate record proceeding and connected argument lasted approximately one-half day.

---

[1] Interestingly, plaintiff's testimony, which was excluded in the first trial and became the subject of the separate record, was admitted on retrial wherein the jury returned a unanimous verdict of no cause of action in favor of defendant.

During closing argument, plaintiff's counsel did allude to the excluded statement:

"Someone said when they heard that an employee of a Ford dealership had come into court to testify against the Ford Motor Company, someone said and we do not know who that person was, and we have no way of finding out, because there are 12,000 employees as they say on their rolls. Who is going to come and tell the truth now, but someone said we are going to get him, and we are going to get him fired. We will seek revenge upon Wayne Willett so that this does not happen again."

Defense counsel objected and the jury was excused.

The trial court, finding the argument improper, severely admonished plaintiff's counsel and announced that it would caution the jury to disregard the argument as having no basis in the evidence.

Counsel defending expressed concern that a cautionary instruction would be inadequate and that the defense had been incurably hurt by the argument:

"*Mr. Seavitt:* But, you see, the question that had been put to the witness leading up to that question is precisely where the court excused the jury. It was a question that was hanging. Now, this court already has a suspicion something was said because that is where the testimony was interrupted. Now, we have an effort by counsel to introduce the absent testimony and this is not inadvertent because he used almost identical *[sic]* the words the witness used on the record. Now, my problem is, counsel said I will withdraw it. No way should that be permitted. Now the question is here, is the court in a position where it has to correct the record. In other words, we are getting perilously close to the point. Like they say, you put something in the

milk, it is sour forever. You cannot unsour it. But, this sort of improper argument is precisely what is building in this case unfortunately. I thought in view of the fact we had spent from 2 o'clock to 4 o'clock on April 30th arguing this point of law, and we did it vigorously and with the assistance of all the legal material [we] could present at that time, and the court considered the argument and ruled. Here we are at a point where we introduce something and not something which is inadvertent because counsel used almost the very words that the witness said was said to him.

"*The Court:* Well, I shall attempt to hear it, and if you are not satisfied, you can make a motion for mistrial. Of course, I said I did not want to grant a mistrial.

"*Mr. Seavitt:* I think I will not have preserved this point unless I do make a motion for mistrial. In order to preserve support, I think that I must at this juncture move for a mistrial.

"*The Court:* I will take it under advisement."

## II

The trial court set aside the jury's verdict and granted defendant's motion for new trial on the basis of improper, prejudicial argument which, the trial court was convinced, led to a grossly excessive verdict. The court was of the opinion that the improper argument caused the jury to base its verdict on something other than the evidence presented. The court noted that plaintiff lost at most one day's work by reason of his termination by Walt Hickey Ford, that plaintiff thereafter secured comparable employment at an automobile dealership in competition with Hickey, and that even plaintiff's counsel had conceded that there were no actual damages. The trial court further noted that evidence relating to embarrassment and injured feelings was extremely weak.

## III

Prior to commencement of the second trial, plaintiff appealed the new trial order to the Court of Appeals which denied leave to appeal because it was not persuaded of the need for immediate appellate review. Likewise, this Court denied leave to appeal at that time for the reason that we were not persuaded that plaintiff would suffer substantial harm by awaiting final judgment before taking appeal.[2] On retrial, the jury rendered a unanimous verdict for the defendant and a final judgment was entered thereon. Plaintiff then filed a claim of appeal in the Court of Appeals, contesting only the order setting aside the first jury's verdict. Defendant cross-appealed, contesting the first trial judge's order denying defendant's motion for judgment notwithstanding the verdict. In an unpublished per curiam opinion, the Court of Appeals affirmed the trial court on both questions. The parties are here before us on leave to appeal and cross-appeal granted.[3] Because we resolve the new trial issue in defendant's favor, and because defendant has fully prevailed before the jury on retrial, we do not pass on the sufficiency of the evidence supporting the jury's verdict in the first trial, nor whether judgment notwithstanding the verdict for defendant should have been granted.

## IV

This Court has recently and unanimously repeated the standard for appellate review of an order granting or denying a new trial: "The grant or denial of a new trial is within the sound discretion of the trial court which, if not abused, cannot

[2] 391 Mich 821 (1974).
[3] 397 Mich 818 (1976).

be interfered with on appeal."[4] Further, we approved the following criteria for determining whether, in the case of a new trial grant, there has been a proper exercise of discretion: "[I]f the reasons assigned by the trial judge for his action are legally recognized and the reasons are supported by any reasonable interpretation of the record, he acted within his discretion."[5]

There can be no doubt that the reasons assigned by the trial judge, *i.e.,* improper and prejudicial argument resulting in an excessive verdict, are legally recognized.[6]

As to record support, the $75,000 jury award must be weighed against the fact that plaintiff was able to prove no actual damages by reason of his discharge, and that exemplary damages in this state are not punitive in nature. Rather they are in the nature of compensatory damages for embarrassment and injured feelings.[7] A review of the record supports the trial judge's observation that testimony regarding embarrassment and injured feelings was extremely weak. Plaintiff testified that he experienced embarrassment on an uncertain number of occasions when questioned by unidentified former customers as to why plaintiff was no longer working at the Hickey dealership.

Furthermore, a review of the record indicates that opposing counsel's reaction to the improper argument was immediate and emphatic. As was stated in *Koepel v St Joseph Hospital,* 381 Mich 440, 443; 163 NW2d 222 (1968):

[4] *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230, 232; 247 NW2d 295 (1976).

[5] *Kailimai, supra,* at 233, quoting *Benmark v Steffen,* 9 Mich App 416, 422–423; 157 NW2d 468 (1968), and *Williams Panel Brick Mfg Co v Hudsin,* 32 Mich App 175, 177; 188 NW2d 235 (1971).

[6] GCR 1963, 527.1(2)–527.1(4).

[7] *Smith v Jones,* 382 Mich 176, 204; 169 NW2d 308 (1969).

"If counsel defending thinks that his defense has been hurt incurably by a prejudicial closing argument, his remedy of prompt motion for mistrial is open to him. If on the other hand the situation in his view is reparable by the trial judge, a formal request for judicial correction is not only in order but tactically valuable."

In the instant case, defense counsel did move for a mistrial. His remarks in support of that motion indicate that he was concerned that the argument that plaintiff had been threatened by defendant's employee, which was not supported by any evidence before the jury, would not be easily cured by instruction. Before the jurors were excused at midtrial, they had heard plaintiff begin to relate the conversation with Mr. Shanks and were aware that, during at least part of the one-half day that they were excluded from the proceedings, counsel were debating the evidently crucial question of whether the jurors should be allowed to hear plaintiff's account of the conversation.

The giving of a cautionary instruction does not preclude further relief from an unjust verdict if the trial judge, or reviewing court on appeal, finds that under all the circumstances the instruction may not have prevented the feared prejudicial impact. In granting a new trial for the plaintiff in *Lapasinskas v Quick,* 17 Mich App 733, 739; 170 NW2d 318 (1969), then-Judge LEVIN stated:

"We have no way of knowing whether the defendants' injection of this issue influenced the jury or whether the trial judge's cautionary instruction in fact removed any effect adverse to plaintiff's action. See *Clark v Grand Trunk W R Co,* 367 Mich 396, 402 [116 NW2d 914] (1962); *cf. Felice v Weinman, supra* [372 Mich 278; 126 NW2d 107 (1964)]. We cannot say that the verdict in this case might not have been different had this

prejudicial issue not been adverted to by the defendants. Under the circumstances of this case, where the plaintiff sought to protect himself and the defendants, nevertheless, insisted on injecting this impermissible issue, we think it proper to visit upon the defendants the burden of a new trial during which the issue of the father's negligence shall not be referred to by innuendo or otherwise."

The trial judge's reasons for granting the new trial, that the cautionary instruction had not erased the prejudice created by counsel's argument, is legally recognized and is supported by a reasonable interpretation of the record. As to that issue, the trial court and the Court of Appeals are affirmed.

Costs to defendant.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, RYAN, and BLAIR MOODY, JR., JJ., concurred with FITZGERALD, J.